## Stewart *v.* Linton, Appellant.

| 204 | 207 |
| 209 | 649 |

*Mortgage — Acknowledgment—Married women—Deputy consul general —Affidavit of defense.*

An affidavit of defense to a scire facias sur mortgage against a married woman is insufficient, which avers that the mortgage was executed under what purported to be a power of attorney; that deponent and her husband attempted to execute a power of attorney before a deputy consul general and signed such power of attorney ; that they were informed at the time that the deputy consul general had no power to take an acknowledgment; that it was arranged that they should return the next day to appear before the consul general ; that they changed their minds and never returned, and never in fact did execute the power of attorney.

A deputy consul general has power to take an acknowledgment of a deed and mortgage.

Argued Oct. 14, 1902.   Appeal, No. 159, Oct. T., 1902, by defendants, from order of C. P. Armstrong Co., Dec. T., 1898, No. 100, making absolute a rule for judgment for want of a sufficient affidavit of defense, in case of John Stewart v. Phœbe Rebecca Elizabeth Elwina Linton and Adolphus Frederick Linton.   Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Scire facias sur mortgage.

The defendant filed an affidavit of defense which was as follows :

That at the time of the execution of the mortgage in suit and the power of attorney, upon which the actions of John B.

Finlay, were based, she was a married woman and was domiciled in the city of London, England, in the Kingdom of Great Britain.

That said mortgage in suit was executed by one John B. Finlay, who held what purported to be a power of attorney for the purpose from this deponent, which said power of attorney was never legally executed by this deponent.

That in the year 1891 this deponent and her husband, Adolphus F. Linton, attempted to execute a power of attorney in London, England, Kingdom of Great Britain, empowering the said John B. Finlay to transact business for them in the United States of America, that in the execution of said idea they went before the deputy consul general of the United States of America, resident in London, England, and signed such a power of attorney, and at that time they were informed that he, the deputy consul general, had not the power to legally take the proper acknowledgment to the same, and that it was arranged that they, this deponent and her husband, Adolphus F. Linton, should return to the consulate the next day and go before the consul general, who had the power to take the proper acknowledgment, and properly execute the said power of attorney; that thereupon they left the said incompleted power of attorney with the deputy consul general and left the said consulate; that on reflection and consideration she, Phœbe R. E. E. Linton, decided not to execute said power of attorney and that she, the said Phœbe R. E. E. Linton and Adolphus F. Linton, never returned to the said consulate, and never did in fact execute the said power of attorney, and that the said power of attorney with which the said John B. Finlay attempted to charge the land of this deponent with debts was procured by fraud.

That this deponent asserts as a fact that after the refusal of this deponent and her husband, Adolphus F. Linton, to return to the consulate of the United States, in London, England, the said John B. Finlay, by a fraud and in collusion with a clerk in the consulate, procured the power of attorney, which had been signed but not executed by this deponent and her husband, Adolphus F. Linton, and caused the erasure of the name of the deputy consul general and procured or caused to be procured the signature of the then consul general of the

United States of America, resident in London, England, John C. New, to the acknowledgment and as a witness to the said power of attorney, without this deponent and her husband appearing before the said John C. New, consul general, as aforesaid, and that thereafter the said John B. Finlay came to America and began to use the said power of attorney to charge the lands of this defendant with debts, wholly for the use of the said John B. Finlay, personally. That upon being advised of this fraudulent use of the said power of attorney, your deponent immediately revoked the same. That the mortgage in suit is one of the incumbrances placed upon this deponent's property by the said John B. Finlay, acting under said power of attorney, before the knowledge of the fraudulent actions of the said John B. Finlay came to this deponent.

That this deponent never received any of the consideration money mentioned in the mortgage in suit.

PATTON, P. J., filed an opinion which was in part as follows :

Nor do we think the position that a deputy consul general had no right to take acknowledgment is sustained by reason or authority. The Act of January 16, 1827, P. L. 9, provides that the acknowledgment of a deed by married women or others may be taken in any foreign country, before any consul or vice consul of the United States appointed for that country. The Act of April 9, 1849, P. L. 527, sec. 12, provides that the written consent of a married woman to the conveyance of her property may be acknowledged out of the United States, before any minister, ambassador, charge d'affairs, consul or vice consul. The act of April 2, 1859, P. L. 352, provides that all ambassadors, ministers plenipotentiary, charge d'affairs or others, exercising public ministerial functions shall have the acknowledgment of any person. Rev. Stat. U. S. sec. 1674, provides that consular officers shall include consul generals, consuls, commercial agents and none others. Rev. Stat. U. S. sec. 1750, provides that every secretary of legation and consular officer shall have power to perform any act, which any notary public is authorized to perform within the United States. It has been held that the acknowledgment of a married woman before a United States commercial agent in Canada is sufficient : Moore v. Miller, 147 Pa. 378.

If the allegation is that the deputy consul general had no

right to take the acknowledgment, that position is equally untenable. "An American consul in foreign countries can take an acknowledgment. A deputy in the name of his principal:" 1 Am. & Eng. Ency of Law (1st ed.), p. 144.

Even if the acknowledgment had been defective, it is cured by the Act of June 1, 1891, P. L. 159, which provides that all conveyances heretofore or hereafter acknowledged before any deputy consul .... shall be valid to all intents and purposes as if the same had been acknowledged before a notary public. As to the other defense, if want of consideration, it is not well taken. An affidavit of defense to a sci. fa. on a mortgage which denies the indebtedness, but fails to deny the execution of the mortgage is insufficient to prevent judgment: May v. Meehan, 159 Pa. 419; Woods v. Watkins, 40 Pa. 458; Stoddart v. Robinson, 54 Pa. 386.

It may be true that Mrs. Linton received no part of the consideration money of the mortgage. But there is no denial that her attorney in fact did receive it by virtue of the power she had placed in his hands. The affidavit of defense admits that there was an appearance before an officer, that we have found competent to take the acknowledgment and "attempted" to execute it. That being the admitted fact we think the official certificate is conclusive of every fact appearing on its face. When the affiant further swore she never "legally" executed, she drew a wrong legal conclusion. An affidavit of defense should state facts not conclusions. On the whole it seems to us that the affidavit of defense is but a flimsy pretense to postpone the collection of an honest debt.

And now, August 6, 1902, the rule for judgment for want of a sufficient affidavit of defense is made absolute, and the prothonotary is directed to liquidate and enter judgment in favor of plaintiff.

*Error assigned* was the order of the court.

*Calvin Rayburn*, for appellants.

*Ross Reynolds*, for appellee.

PER CURIAM, November 10, 1902:

In her affidavit of defense Mrs. Linton does not aver that

she did not appear before the deputy consul general and separately acknowledge her power of attorney to Finlay, and her evasiveness on this point must be regarded as her admission that she did so appear and make the statutory acknowledgment. She rather relies upon her averment that her acknowledgment before the deputy consul general was invalid, in which she is mistaken, as is clearly shown by the learned judge below in his references to the several acts of assembly upon the subject. In all other respects the affidavit of defense is insufficient, and the judgment for want of its sufficiency is affirmed.