## B. A. HUNT v. TOWN OF EDEN.

### October Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, STAFFORD and
HASELTON, JJ.

### Opinion filed December 9, 1902.

*Tax collector—Liability of town for acts of—Tendency of
evidence.*

A tax collector is an officer of the law, and the town electing him is
not liable in trespass for his acts, unless made so otherwise than
by the relation of the collector, as such, to the town.

Evidence that the selectmen urged the collector to be diligent in col-
lecting the tax of the plaintiff and others, that they referred him
to an attorney who was under general retainer from the town, and
that such attorney gave him instructions as to the statutory pro-
visions to be followed in collecting taxes and supplied him with
forms, does not tend to show that the town so directed and con-
trolled the collector in the acts complained of as to make them
the acts of the town.

Whether the selectmen, by any course of conduct in reference to the
acts of the collector, could have made the town liable in trespass,
is not decided.

TRESPASS AND TROVER. Plea, the general issue. Trial
by jury at the December Term, 1901, *Start,* J., presiding.
Judgment for the defendant on verdict ordered. The plaint-
iff excepted.

*B. A. Hunt* pro se.

The town is liable, though the action is trespass. The
case tends to show that the town by its duly authorized agents
interfered, directed, and assumed control of the collector's
actions. It is not a question of whether the evidence is suffi-
cient, but whether the evidence has a legal tendency to prove
this claim.

The law abhors circuity of action. Our statute protects the collector by making the town liable to him, and if the tax payer is compelled to sue the collector and the collector sue the town, two suits instead of one are required to assert but one right.

The town cannot be exempted from liability, on the theory of sovereign power, against a non-resident. It should be confined to its own subjects, if allowed at all.

The town must act through its collector. They could not discard him, tax warrant, etc., and proceed in their own name only. *They* acted, and now are they to be allowed to escape the injurious consequences of *their* premeditated act? 36 Vt. 521.

*George M. Powers* for the defendant.

In the absence of a statute giving the action, trespass *de bonis* does not lie against a town for the acts of its collector. The collector of taxes, though appointed by the town, gets his authority from, and performs the duties prescribed by, the statute. He is a public and not a corporate officer. The maxim *respondeat superior* does not apply. *Wallace* v. *Menacha,* 44 Wis. 85.

"Towns are not liable for the conduct of the constables whom they appoint, * * * . They do not act under the authority of the town, but of the law, nor hath the town any control over them, * * * . *Hurlburt* v. *Litchfield,* 1 Root 520; *Lorillard* v. *Munroe,* 11 N. Y. 392; *Lahner* v. *Williams,* 84 N. W. (Io.) 507; *Dunbar* v. *Boston,* 112 Mass. 75; *Perley* v. *Georgetown,* 7 Grey. 464; *Alger* v. *Easton,* 119 Mass. 77; *Bowden* v. *Rockland,* 51 Atl. (Me.) 815; 2 Dill. Mun. Corp., ss. 761, 770, 772, 777, n.; Burrows on Tax., 441; 2 Destey on Tax., 777; 2 Addison on Torts, 1304; *Winn* v. *Rutland,* 52 Vt. 481; *Welch* v. *Rutland,* 56 Vt. 228; *Stockwell* v. *Rutland,* 75 Vt.

HASELTON, J.  This was an action to recover damages of the defendant town for the sale of personal property of the plaintiff, by the collector of taxes of the town, in proceedings for the enforcement of taxes assessed against the plaintiff. The only count relied upon was a count in trespass.  At the close of the evidence the defendant moved for a verdict.  The motion was sustained, a verdict for the defendant was directed and returned, and judgment was rendered on the verdict.  The plaintiff excepted.

In the direction of a verdict for the defendant there was no error.  Though the collector of taxes is chosen by the town, his duties are those prescribed by statute, and the maxim *respondeat superior* has no application here, unless it is made applicable otherwise than by the relation of the collector, as such, to the town.

The plaintiff, however, contends that there was evidence tending to show that the selectmen and the attorney of the defendant town, in the interest of the town, directed and controlled the collector in respect to the acts constituting the alleged trespass, and so made those acts the acts of the town. The evidence relied on by the plaintiff tended to show that the selectmen requested and urged the collector to be diligent in collecting the tax of the plaintiff and others; that they cautioned him to proceed legally, and referred him to an attorney who was under a general retainer as counsel for the town; and that such attorney gave him instructions as to statutory provisions to be followed in the collection of taxes, and supplied him with forms.  This evidence did not have the tendency claimed for it by the plaintiff.

Whether the selectmen, by any course of conduct in respect to the acts of the collector, could have made the town liable in trespass, is a question not decided or considered.

*Judgment affirmed.*