## Linton, Appellant *v.* Moorhead.

*Conflict of laws—Presumption—Proof of foreign law—Evidence—Power of attorney—Married women.*

The law of a foreign state if material is a fact to be proved, and in the absence of such proof it is presumed to be the same as the law of this state.

Where the subject of a letter of attorney is land in Pennsylvania the power to convey and the manner of conveyance depend on the law of this state without regard to the domicile of the owner.

A married woman, her husband joining, may make a valid power of attorney to convey her lands in this state.

*Principal and agent—Power of attorney—Description of lands.*

A power of attorney to sell and convey " any or all tracts, lots, pieces or parcels of land, or real estate which have descended to, or have been acquired by the said . . . . in any of the states . . . . of the United States of America . . . . excluding therefrom all lots in the city of Omaha, State of Nebraska," is sufficient to include lands in Pennsylvania belonging to the principal.

For the purposes of a valid power of attorney "id certum est quod certum reddi potest."

Argued Oct. 11, 1904.   Appeal, No. 127, Oct. T., 1904, by plaintiff, from judgment of C. P. Armstrong Co., June T., 1902, No. 167, on verdict for defendant in case of P. R. E. E. Linton v. J. C. Moorhead, Eliza N. Meredith and W. B. Meredith.   Before MITCHELL, C. J., DEAN, FELL, BROWN, POTTER and THOMPSON, JJ.   Affirmed.

Ejectment for land in Manor and Kittanning Townships. Before PATTON, P. J.

At the trial the defendants offered in evidence a power of attorney from P. R. E. E. Linton and A. F. Linton, her husband, dated August 12, 1887, and acknowledged in England. By this power of attorney Mrs. Linton and her husband "made, constituted and appointed, and by these presents do make, constitute and appoint, John Boreland Finlay of the Commonwealth of Pennsylvania in the United States of America, our true and lawful attorney for us or either of us, and in our or either of our names, places or steads, to grant, bargain and sell, convey, assign, transfer and confirm any or all tracts, lots, pieces or parcels of land or real estate which have descended

to or have been acquired by the said Phoebe or either of us, by gift, grant, demise, purchase or otherwise, or which may be so acquired hereafter in any of the states, commonwealths, districts, territories of the said United States of America, whether the same or any part or parts thereof be held now or hereafter in fee simple, severalty, joint tenancy, in common or otherwise, excluding therefrom all lots in the city of Omaha, state of Nebraska."

Plaintiff's counsel objected to the offer for the following reasons :

1. The power of attorney offered in evidence shows upon its face, and it has been admitted upon the trial of this suit, that at the time the said power of attorney was executed by P. R. E. E. Linton she was a married woman, under coverture and domiciled in Brighton, England, and that she and her husband, A. F. Linton, were both English subjects, and that she was married prior to the married persons' property act, passed by parliament in 1882, and the evidence being that the land described in the writ belonged to her in her own right. And further, the said P. R. E. E. Linton was for the above reasons under a common-law disability to divest her title to said land by power of attorney, or any other manner except that prescribed by the laws of England and in force at the time of the execution of the said power of attorney, and that the power of attorney offered in evidence' was, from the day of its execution, void for the purposes for which it is offered.

2. That the power of attorney offered in evidence does not purport to be a conveyance of the land in dispute nor of any part thereof, and for that reason it is incompetent to prove title in the defendant, J. C. Moorhead, or in the defendant, Eliza N. Meredith.

3. It being admitted on the trial and shown upon the face of the power of attorney offered in evidence that A. F. Linton, the husband of the plaintiff, was a nonresident alien, he therefore had no interest in his wife's land in Pennsylvania, such as would give validity to a conveyance of it by power of attorney or otherwise by reason of his joining in the execution of such instrument.

4. It is objected to because the power of attorney is void for want of any description contained therein authorizing the sale

of the land described in the writ, the said power of attorney not mentioning the said tract of land by any sufficient metes or bounds, and not even mentioning the state of Pennsylvania nor the county of Armstrong, nor the townships of Kittanning or Manor, in which said land is situate; for the foregoing reasons and for uncertainty the said power of attorney was and is void.

The Court: The objection is overruled, the offer received and a bill of exceptions is sealed to the plaintiff. [1]

The court gave binding instructions for defendants.

Verdict and judgment for defendants.     Plaintiff appealed.

*Errors assigned* were (1) ruling on evidence quoting the bill of exceptions; (10) in giving binding instructions for defendants.

*R. A. McCullough*, with him *H. A. Heilman*, for appellant.— Where a contract is entered into by a woman in her domicile, the law of that place will control as to her capacity to make a contract, though the contract is to be performed elsewhere : Polson v. Stewart, 167 Mass. 211 (45 N. E. Repr. 737) ; Union Nat. Bank v. Hartwell, 84 Alabama, 379 (4 So. Repr. 156) ; Baer v. Terry, 105 La. 479 (29 So. Repr. 886) ; Kerr v. Urie, 86 Md. 72 (37 Atl. Repr. 789) ; Hill v. Pine River Bank, 45 N. H. 300 ; Bank v. Howell, 118 N. C. 271 (23 S. E. Repr. 1005) ; Hauck Clothing Co. v. Sharpe, 83 Mo. App. 385.

The power of attorney is invalid because the land authorized to be sold under it was not sufficiently described to enable it to be identified : Banks v. Ammon, 27 Pa. 172 ; Stafford v. Lick, 13 Cal. 240 ; Clark v. Graham, 19 U. S. 577 ; White v. Breen, 32 L. R. A. 127.

*Ross Reynolds*, for appellees.—The subject of sale is real estate in Pennsylvania. The sale of real estate is, without question, governed by the lex loci rei sitae ; therefore what may be the law of England or any other country is foreign to the question : Loftus v. Farmers', etc., Nat. Bank, 133 Pa. 97.

Married women may jointly with their husbands give a power of attorney to convey lands in Pennsylvania, and if duly acknowledged the conveyance under it would be valid : Fulwei-

ler v. Baugher, 15 S. & R. 45; Dalzell v. Crawford, 1 Clark, 155; Roseburgh v. Sterling, 27 Pa. 292.

The power of attorney is sufficiently specific as to the description of land to be conveyed: Campbell v. Foster Home Assn., 163 Pa. 609; Roper v. McFadden, 48 Cal. 346; Munger v. Baldridge, 41 Kan. 236 (21 Pac. Repr. 159); Valentine v. Hawley, 37 La. Ann. 303; Connell v. Galligher, 36 Neb. 749 (55 N. W. Repr. 229); Fay v. Winchester, 45 Mass. 513; Bigelow v. Livingston, 28 Minn. 57 (9 N. W. Repr. 31); Benschoter v. Atkins, 25 Neb. 645 (41 N. W. Repr. 639).

PER CURIAM, November 4, 1904:

The objection by the plaintiff to the power of attorney (her own be it observed) is two-fold, first that plaintiff is a married woman domiciled with her husband in England, and secondly that it contains no sufficient description of the land authorized to be conveyed.

As to the first, it would be sufficient to say that the law of England or any other foreign state if material is a fact to be proved, and in the absence of such proof it is presumed to be the same as the law of this state. There was no evidence on the subject in this case.

But even if proved it would have been of no avail here. The subject of the letter of attorney being land in Pennsylvania, the power to convey and the manner of conveyance depend on the law of this state without regard to the domicile of the owner. It has long been settled that a married woman, her husband joining, may make a valid power of attorney to convey her lands in this state: Fulweiler v. Baugher, 15 S. & R. 45 (55).

The second objection is equally unavailing. The power of attorney was properly acknowledged: Stewart v. Linton, 204 Pa. 207. It authorized in express terms the attorney to sell and convey " any or all tracts, lots, pieces or parcels of land or real estate which have descended to or have been acquired by the said Phoebe (plaintiff) . . . . in any of the states . . . . of the United States of America . . . . excluding therefrom all lots in the city of Omaha, state of Nebraska," etc. The description though in very general terms is as comprehensive as words can make it. When it is shown that the land is in

Pennsylvania it is prima facie within the power, and when more detailed description becomes necessary it may be supplied. For the purposes of a valid power of attorney id certum est quod certum reddi potest.

Judgment affirmed.