E. Mahlon White *v.* George H. Hight et al.

February Term, 1942.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed May 5, 1942.

*J. Ward Carver* and *T. Tracy Lawson* for plaintiff.
*H. William Scott* and *Arthur N. MacLeod* for defendants.

JEFFORDS, J. This is an action of tort tried in the Barre Municipal Court without a jury. The findings show that the plaintiff read a notice stating that certain property known as the I. O. Moulton farm was to be sold for taxes. He attended the sale where he was informed that there was some question of the legality of the taxes assessed for the years 1934, 1935, 1936 and 1937 and consequently that the sale would be for the taxes assessed only for 1938. The farm was then sold for these latter taxes to the plaintiff.

A short time later Hight who was the tax collector for the town of Topsham, the other defendant, sent a notice, apparently in the ordinary printed form, to the plaintiff. The substance of the notice as set forth in the findings was that the taxes with costs for the years 1934 to 1937 inclusive on the Moulton farm were assessed against the plaintiff. That Hight had these taxes with a warrant attached for collection and that if payment was not made he as collector of taxes for the town would distrain the goods and chattels of the plaintiff, or if necessary, would take the body of the plaintiff and commit him to the county jail until such taxes were paid. That this was in accordance with the requirements of law and that the collector had no alternative but to comply with it; that the plaintiff on compliance would avoid trouble and additional expense.

The plaintiff shortly after the receipt of this notice paid Hight as collector the taxes and costs set forth in the notice and obtained a receipt for the same. Subsequently Hight paid the taxes so collected to the town of Topsham. The following finding concerning this payment is made:

> "12. That the plaintiff paid the said sum of $322.04 in the belief that if he failed to do so, he would be subjected to the penalties and terms as set forth in the said notice marked plaintiff's exhibit number 3, hereby referred to and made a part hereof; therefore the said payment was involuntary."

Judgment was entered against both defendants for the above amount and the case is here on exceptions of the defendants.

The defendants excepted to the failure of the Court to find certain specified facts. These exceptions are not available

as no reasons were stated nor grounds given pointing out to the Court why it should have made such findings. *State* v. *Noyes*, 111 Vt. 178, 181, 13 Atl. 2d 187; *Morgan* v. *Gould*, 96 Vt. 275, 279, 119 Atl. 517.

The defendants brief an exception taken to finding No. 8. This finding was the substance of certain language contained in the notice, plaintiff's exhibit No. 3. The ground of the exception was that there was no evidence to substantiate the finding. In support of this exception the defendants say that this notice was a mere memorandum form advising plaintiff of the amount of taxes, etc., as indicated by the fact that certain spaces were left blank in it and that it could not have impressed any person of common sense and judgment.

The plaintiff testified that he believed what was set forth in the notice. There is nothing about the notice that rendered this testimony incapable of belief by the trier. It was entitled to credence and together with the statements contained in the notice furnished ample support for the finding.

The defendants excepted to finding No. 12 on the ground that it is contrary to and not supported by any evidence in the case. As this exception raises the same questions as do the exceptions of defendant Hight to the judgment we will consider them together in determining his liability. The questions thus presented are in effect whether the evidence shows an involuntary payment on the part of the plaintiff and if so whether it can be recovered of this defendant in this action.

The substance of the plaintiff's testimony was that he believed that because he had purchased the farm for the 1938 taxes he was obliged to pay those set forth in the notice. That he would not have paid except for the notice. He believed, as stated in the notice, that if he did not pay he would be put in jail and that the notice was in accordance with the requirements of law as stated therein so that it was up to him to pay and that was why he did. That when he paid the taxes he protested against paying them. This evidence gave ample support to the finding that the payment was involuntary as it showed all the compulsion necessary to so make it under our former holdings. *National Metal Edge Box Co.* v. *Readsboro*, 94 Vt. 405, 410, 111 Atl. 386, and cases therein cited. *Magwire* v. *Springfield*, 111 Vt. 414, 424, 17 Atl. 2d 260.

The defendants say that the above cited cases have to do with illegal taxes and so are not in point. But though the taxes set forth in the notice might have been in all respects legally assessed against Moulton as the owner of the property, the defendants concede, as they must, that this plaintiff was under no legal obligation to pay the same. Consequently his position is no different than it would have been if the taxes had been illegally assessed against him. The circumstances in the present case are similar in this respect to those in *Babcock* v. *Granville*, 44 Vt. 325, in which a recovery was allowed for the payment of taxes on the ground that the same was involuntary.

The cases cited by the defendants to the proposition that money paid under a mistake of law cannot be recovered are not in point as the right of recovery here is not predicated upon mistake but upon coercion.

The defendants attack the judgment apparently on the ground that because there are no findings showing fraud on their part no tort has been made out under the allegations in the complaint. Passing over the question as to whether this claim is properly before us on the exceptions taken we will proceed to examine it.

Under our Practice Act, P. L. 1574, among the pleadings provided for is a complaint "which shall set forth in brief and simple language the facts relied upon and the relief demanded." The complaint in the present case conforms to this requirement. It is true that in it are allegations of fraud as a ground for recovery but it also alludes to conversion as such a ground. The notice however is set forth in substance with the allegation of belief in its truth and the lack of any alternative except compliance, whereby the plaintiff was compelled to pay the taxes, etc. The complaint was not demurred to. During the course of the trial the Court ruled in effect that it was not necessary in order to entitle the plaintiff to recover that he prove fraud but merely that the payment was involuntary. No available exception was taken to this ruling. It is apparent that the tort here relied upon and proved and which formed the basis of the judgment was one arising from duress or coercion rather than fraud although they are kindred in their results for it has been said that duress is a species of fraud in which compulsion in some form takes the place of deception in accomplishing an injury.

17 Am. Jur. 873. Here the rights of the plaintiff were illegally invaded and he sustained injury thereby through duress accomplished by the threats in the notice sent out by Hight and under his name. This constituted a tort sufficient to sustain the action as against defendant Hight. That an action in tort is a proper remedy against a collector to recover illegal taxes is stated in *Henry* v. *Chester,* 15 Vt. 460, 470. By analogy such an action lies under the circumstances here shown.

■ Defendant Hight also excepted to the judgment against him on the ground that all of the money collected by him as taxes was turned over to the town. Whether this might have been a good defense if the action were in contract for money had and received, a point which we do not decide, it is apparent that it cannot avail him as a defense in this tort action.

We have considered all the claims of error which have been briefed that relate to defendant Hight and the result is that as to him no error has been made to appear.

We now turn to a consideration of the liability of the defendant town. The only findings at all pertaining to the same are to the effect that Hight was the constable and tax collector of the town of Topsham with proper warrants for the collection of taxes and, as such, was acting for the town and (2) that subsequently to the payment by plaintiff to Hight, the latter paid the collected taxes to the town.

The case of *Hunt* v. *Town of Eden,* 75 Vt. 119, 53 Atl. 744, is decisive on this point. That was an action in trespass and trover to recover damages for the sale of personal property of the plaintiff by the collector of taxes of the town, in proceedings for the enforcement of taxes assessed against the plaintiff. A verdict was directed for the defendant. In affirming the judgment Hazelton, J. speaking for the Court says at page 121 of 75 Vt., at page 774 of 53 Atl.:

> "In the direction of a verdict for the defendant there was no error. Though the collector of taxes is chosen by the town, his duties are those prescribed by statute, and the maxim *respondeat superior* has no application here, unless it is made applicable otherwise than by the relation of the collector, as such, to the town."

 In the present case there is no finding nor any reasonable inference to be drawn from any showing that the town could be held liable here except by the application of the above maxim. The only possible claim on this score would be a ratification of the tort by the receipt of the money. But assuming, without in any way deciding, that the town could be made liable by some acts of its officers amounting to ratification none such are here shown. In order to constitute ratification it is necessary that it appear that the one ratifying have knowledge of the act which he is adopting as his own. This principle is so elementary as to require no citation of authorities. The findings are void of any facts showing knowledge on the part of any officials of the town other than the defendant Hight of the circumstances under which the taxes were collected. No such knowledge can be inferred from the mere fact that the money was paid into the town treasury by the collector. It follows that there was error in holding the defendant town liable in this action of tort and its special exception to the judgment is sustained.

In this case there is a joint judgment against both defendants. However as it appears that error has been found affecting the rights of the defendant town but not those of the other defendant and as it is apparent that this error does not affect the rights of defendant Hight and as a proper decision as to him is not dependent upon the judgment as to the town we may and should reverse the judgment as to the town and affirm it as to defendant Hight. *Rich* v. *Holmes,* 104 Vt. 433, 439, 160 Atl. 173.

*Judgment against defendant town of Topsham reversed, and judgment for this defendant to recover its costs; judgment against defendant Hight affirmed.*