Falls Township Board of Supervisors, Appellant,
*v.* Charles Bozzo and Robert F. James, Jr.,
Appellees.

Argued October 4, 1973, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

600

*Samuel M. Snipes,* for appellant.

No appearance for appellees.

OPINION BY JUDGE CRUMLISH, JR., February 5, 1974:

On November 28, 1972, pursuant to a petition submitted by the Falls Township Board of Supervisors, the Court of Common Pleas of Bucks County entered an order appointing the firm of Mershon, Warburton & Company, Certified Public Accountants [Mershon], to audit the accounts of Falls Township and the township officers beginning January 1, 1973, for the year 1972, pursuant to Section 745 of The Second Class Township Code, Act of May 1, 1933, P. L. 103, as amended, 53 P.S. §65101. The above-mentioned petition of the supervisors was presented to the Court of Common Pleas as a result of a petition presented them by a number of taxpayers, in excess of twenty-five, requesting the appointment of a firm of certified public accountants.

On December 29, 1972, upon the petition of two of the three elected auditors of the township, Charles Bozzo and Robert F. James, Jr., the court below entered a rule upon the township supervisors to show cause why the order of November 28, 1972, appointing the Mershon firm to audit the township accounts should not be vacated.

A hearing was subsequently held upon the aforementioned rule to show cause and on February 6, 1972, the Court of Common Pleas of Bucks County vacated the appointment of Mershon.[1]

---

[1] It is this Order that is on appeal before this Court.

New petitions were then filed by the Board of Township Supervisors for the appointment of another firm of certified public accountants, and a hearing was scheduled for March 12, 1973. The hearing was not held because of the issuance and receipt of certiorari from this Court as a result of the within appeal of the February 6th order of the court below.

Section 745 of The Second Class Township Code, amended by the Act of June 9, 1972, P. L.    , No. 109, §1, provides:

*"To employ a certified public accountant registered in Pennsylvania, a firm of certified public accountants so registered or a competent public accountant or a competent firm of public accountants to be appointed by the court of common pleas* at least thirty days prior to the close of the fiscal year to audit the accounts of the township and the township officers, *if a petition has been presented to the supervisors by at least twenty-five of the township asking for such appointment.* The amount paid to the accountant or firm in any year shall not exceed the maximum allowed by law to be paid to the township auditors, in such year, unless the payment of an additional amount is approved by the court. When an accountant or firm is appointed as herein provided, the township auditors shall not audit, settle or adjust the accounts audited by such appointee but shall perform the other duties of their office.

"When an accountant or firm is employed under the provisions of this clause, the accountant or firm shall have the powers given to the auditors under sections 545, 546 and 551 of this act, except the power to fix compensations authorized in section 515 and referred to in section 545 of this act. They shall perform the duties of the auditors as provided in section 547. They shall be subject to the same penalties to which the auditors are subject under section 549.

"The report of the accountant or firm is subject to appeals the same as reports of auditors under sections 553, 554, 555, 556, 557, 558, 559, 560, 561, 562 and 563 of this act." (Emphasis supplied.) 53 P.S. §65745.

After a petition bearing signatures of taxpayers in excess of the requisite twenty-five was presented Falls Township Board of Supervisors (Supervisors), the Supervisors petitioned the court below to appoint Mershon to audit the accounts of the township. On November 28, 1972, the appointment of Mershon was made. However, after the petition of Charles Bozzo and Robert A. James, two of the three elected auditors of said Township, pointed out to the lower court that the third elected auditor was an employe of Mershon, the court entered a rule to show cause why the appointment of Mershon should not be vacated. After hearing, the court did in fact vacate the appointment.

The first issue facing this Court is whether a court of common pleas is mandated upon proper petition by the township supervisors to appoint a certified public accountant to audit the accounts of the Township.

We think the language ". . . to be appointed by the court of common pleas . . ." stressed in our quotation of the applicable statute clearly does not vest any discretion in the court of common pleas as to *whether or not a certified public accountant should be appointed.* If the township supervisors, *those men in whom the day-to-day management of the township* is vested, present the Court of Common Pleas with a petition to support a CPA, the court must so appoint.

However, we do feel that an element of discretion is invested in the court of common pleas as *to whom is in fact appointed.* Otherwise, there would be no point in the supervisors petitioning the court at all, and the court would be a mere rubber stamp to the suggestion of the supervisors.

The Supervisors, Appellants herein, ask that this Court order the court below to reinstate Mershon as the appointed Certified Public Accountant. Appellants assert that any possible conflict of interest involving Patrick Gibson, the third elected auditor of the Township who is also an employee of Mershon, has been dissolved by Gibson's conditional resignation as elected auditor.[2] This position was also presented in the court below.

Since we have determined that the lower court has discretion as to whom it shall appoint as certified public accountant once petitioned by the supervisors, our inquiry here is merely whether the court was guilty of an abuse of discretion or committed an error of law. *West Conshohocken Borough Appeal*, 405 Pa. 150, 173 A. 2d 461 (1961). We can find neither.

The lower court, in vacating the appointment of Mershon, expressed a fear that Mershon, with one of the three elected auditors as one of its employees, could not achieve the statutory intent of a complete and total relinquishment of the auditing duties by the elected auditors to the appointed certified public accountants. In its view the conditional resignation of Patrick Gibson did not completely abate this fear.

We can see no abuse of discretion in this determination and therefore we affirm the lower court's dismissal of Mershon as the appointed certified public accountant.

However, as our previous discussion of the duties of the lower court in this situation might indicate, we feel the court below erred in not proceeding, after the vacation of the Mershon appointment, to name another certified public accountant. After a petition by the supervisors, it is incumbent on the lower court to ap-

---

[2] Patrick Gibson conditioned his resignation as elected auditor on the re-appointment of Mershon as certified public accountant under Section 745.

point a qualified C.P.A.   We see no provision in the applicable statute that requires the lower court to await a second petition by the supervisors if the suggested appointee in the initial petition is dismissed.   Once petitioned the Court must appoint a certified public accountant.   Accordingly, we make the following

### ORDER

AND Now, this 5th day of February, 1974, the Order of the Court of Common Pleas of Bucks County dated February 6, 1972, is hereby affirmed.   The record in this case is remanded to the court below for the naming of a certified public accountant to audit the accounts of Falls Township for the year 1972.