## Appointment of Constable, Fourth Ward of Borough of Morrisville

*Michael Kane*, for petitioner.

*William B. Allen*, for Kenneth Brown, respondent.

*Joseph J. Zapitz*, for Harry Falkenstein, respondent.

GARB, *J.*, September 23, 1974—In each of these cases we have before us for disposition rules served by the district attorney upon Kenneth Brown and Harry Falkenstein, respectively, each to show cause why his respective appointment as constable for Morrisville Borough, Fourth Ward, should not be vacated. In each case the rule was signed by the undersigned on May 3, 1974 and duly served upon

respondents named therein. Answers in each case were filed and a joint hearing held before the undersigned.

In the general election of November 1973, one Walter Ingenbrandt was elected constable for the Fourth Ward in the Borough of Morrisville, Bucks County, Pa., for a term to begin on January 1, 1974. On January 12, 1974, the aforesaid Ingenbrandt did submit to the District Attorney of Bucks County a resignation from the foregoing office effective on January 14, 1974. On January 18, 1974, a petition signed by 14 qualified electors residing in the aforesaid ward was filed with the court and on that day an order, signed by the Hon. William Hart Rufe, appointing Kenneth A. Brown, a constable in the Fourth Ward of Morrisville Borough, for the purpose of filling the aforesaid vacancy. On January 25, 1974, a petition was duly filed with the court signed by 15 qualified electors of the said ward and, as a result thereof, on January 28, 1974, an order was signed by the undersigned appointing Harry F. Falkenstein as constable to fill the same office. Thereafter, and on the date indicated, the rules to show cause were filed and as a result thereof the within hearing held.

At the hearing, Patrick J. O'Connor, Esq., testified that he is Assistant Court Administrator for the County of Bucks for the Criminal Division of the Courts of Common Pleas and was so at all relevant times in question. He testified regarding his usual procedure in processing any petitions or applications filed in the Clerk of Criminal Court's office which require orders by judges. He testified that pursuant to procedures established orally by H. Paul Kester, Esq., Bucks County Court Administrator, all such applications, petitions and motions

are placed in a box in the clerk's office and that he secures them for the purpose of reviewing them to determine procedural and legal integrity and then, if appropriate, presents them to the appropriate judge for signature.

He testified that, where there is an application for the appointment of a constable, it is the standard procedure to determine the political party of the constable who had vacated his office, to determine that the proposed appointee is of the same political party and to clear that person's name with the appropriate party headquarters. He testified that he would ordinarily hold any such application for a period of ten days before submitting same to the court. He testified that he was aware of the vacancy in the Fourth Ward of Morrisville Borough as a result of Ingenbrandt's resignation but that in the case of Brown's application the usual procedure was not followed. He testified that he was not in the courthouse during the afternoon of January 18, 1974, and that he never saw, inspected or reviewed the petition, that he didn't hold it for ten days, that he did not determine the political party of Ingenbrandt or of Brown, that he did not check with party headquarters and that, in fact, he had absolutely no contact with the petition whatsoever. He testified that he did review and inspect the petition of Falkenstein, that he did determine the political parties of Ingenbrandt and Falkenstein and found them to be the same, that he did check with the appropriate party headquarters but, that he did not hold it for ten days, but rather presented it to the undersigned for signature after only three days.

Brown testified that he was born on November 24, 1941 and that he lived in the Fourth Ward of the Borough of Morrisville. He testified that he had

previously been a deputy constable in Lower Southampton Township, Bucks County, and prior to that had been employed as an auto mechanic. He testified that he secured the signatures of all of the petitioners on his petition and presented same to a deputy clerk in the Clerk of Criminal Court's office in Doylestown, Bucks County, Pa., on January 18, 1974. It was his testimony that she directed him to wait and she then left the office with the petition and the order. He testified that approximately one and one-half hours later she returned with the signature of Judge Rufe thereon. He further testified that after having circulated the petition on January 17th and the morning of January 18th, he took it to his attorney's office, William B. Allen, Esq., who had prepared the petition for him. At that time, Allen secured the acknowledgment by his secretary, who is a notary public, upon the affidavit appended to the petition. Petitioners are those 14 qualified electors who signed the petition and it is their acknowledgment which is taken on the affidavit.

B. Elva Berry testified that she is a deputy clerk in the Clerk of Criminal Court office of Bucks County and that she handles all of the applications for appointments of constables. She testified that she had no recollection of Brown's petition being filed or of her having secured the signature of Judge Rufe on the order thereto.

Harry Falkenstein testified that he, likewise, resides in the Fourth Ward of the Borough of Morrisville, that he desires to be appointed constable and that he had served as a deputy constable for six years in the Fourth Ward of the Borough of Morrisville. He testified that he is of the same political party as Ingenbrandt.

John T. Hoffman testified that he circulated the petition of Falkenstein and secured all the signatures thereon. He testified that he then took the petition to Falkenstein's attorney, Joseph J. Zapitz, Esq., who had prepared the petition, and that he swore to the affidavit appended thereto before a notary public in the office of Zapitz. It is his affidavit as circulator which appears upon and supports the petition.

The Commonwealth introduced into evidence a certified copy of the records of the Trial Division, Criminal Section, of the Court of Common Pleas of Philadelphia County. These records show that one Kenneth Brown of 234 South Twenty-first Street, Philadelphia, Pa., was convicted of three separate burglaries in the City of Philadelphia, each occurring in December 1959, and the convictions by virtue of pleas of guilty having occurred in February 1960. Brown admits that he was convicted of one burglary but denies the conviction of the other two. He concedes that the address stated in each record is the one at which he resided at the time in question and that no other person of similar name resided there. Therefore, we find that he was, in fact, convicted of the three said burglaries as revealed in the aforesaid record.

Clearly, the petition underlying the order appointing Brown as constable is not sufficient, legally or procedurally, to support it. While there is an allegation that Ingenbrandt resigned his office on January 14, 1974, there is no copy of the said resignation in support of this allegation appended to the petition. Furthermore there is nothing in the petition to indicate that Brown is desirous of assuming that office. The affidavit attesting to the truth of the allegations of the petition is signed by the 14

petitioners but their acknowledgment was not taken before a notary public as required by law. The Act of July 24, 1941, P.L. 490, sec. 1, 21 P.S. §291.1, provides that any instrument may be acknowledged in any manner and form as provided by the laws of this State or as provided by that act. Section 5 of the aforesaid act provides that the officer taking acknowledgment shall know, or have satisfactory evidence, that the person making the acknowledgment is the person described in, and who executed, the instrument. Obviously, the officer taking this acknowledgment could not know, or have satisfactory evidence, that the person making the acknowledgment is the person described in and executing the instrument, because, clearly, those persons did not appear before the notary public. In order for a notary public or any other person authorized to take an acknowledgment to do so, the person acknowledging the act of executing the document must appear before the aforesaid officer. See Stewart v. Linton, 204 Pa. 207 (1902); McCandless v. Engle, 51 Pa. 309 (1866); and Arena v. Kelly, Kaufman & Wood, Inc. 59 D. & C. 2d 796 (1972). Furthermore, the usual procedure, although unwritten, in which petitions such as this are processed in these courts was not followed.

However, we would be most reluctant to vacate the order appointing Brown as constable for the foregoing reasons alone inasmuch as the order so appointing him was duly executed by a judge of this court. However, the fact of Brown's criminal record coming to the attention of the court at this late date presents a different problem. The Act of Assembly under which Brown was appointed, the Act of March 20, 1929, P.L. 32 (No. 32) sec. 1, 13 P.S. §11, provides, in relevant part, as follows:

"Whenever a vacancy may occur in the office of constable in any borough, town, ward of any city, borough, or town or township in said commonwealth by reason of . . . resignation, . . . it shall be the duty of the court of quarter sessions of the peace of the county in which such borough, city, ward, or township may lie [now the Court of Common Pleas, Criminal Division], upon petition of not less than ten qualified electors residing in such borough, city, ward, or township to appoint a *suitable* person, who, . . ." (emphasis supplied).

The touchstone of the foregoing relevant portions of the act is the words "suitable person." Clearly, had the court known that the applicant to fill the vacancy of constable had a prior criminal record of conviction of three burglaries, a matter which was not set forth in the petition, that information would, most surely, have caused the judge to hold a hearing in order to inquire into those matters, or at least to make some investigation to determine their veracity and other matters related to it. The fact of prior conviction of three felonies is a matter of some significance in the appointment of a person to fill the office of constable, an office in which the person so serving is entrusted, to some degree, at least, with various police powers. At the very least, a person with such a criminal record is proscribed from owning or possessing a firearm under the Act of December 6, 1972, P.L. 1068 (No. 334) sec. 1, 18 Pa.C.S. §6105, and obviously in the transportation of prisoners, a constable may, from time to time, be called upon to carry a firearm for the discharge of his duty.

We are satisfied that the acquisition of this knowledge, not available to the judge prior to the execution of the order, is a sufficient basis upon

which to vacate the order of appointment of Brown so that a full inquiry may be made and hearing held to determine his or any other applicant's qualifications for the office. Where the court is vested with discretion in making an appointment to fill an office, it has been recognized that, under appropriate circumstances, the court may subsequently vacate its order of appointment where facts are brought to its attention which may have had a substantial effect upon whether or not the order of appointment would have been made. See Falls Township Board of Supervisors v. Bozzo, 11 Pa. Commonwealth Ct. 599 (1974). Obviously, as noted in Bozzo, where the act of appointment is one vested in the court, the court is charged with some discretion regarding the discharge of that obligation. Considering the importance of the office of constable, we believe that a full and complete inquiry must be made; in this case, prior to an appointment to fill this office. Therefore, we decide herein that the appointment of Brown must be vacated. Obviously, we are most reluctant to vacate an order of one of our brethren, but it can be stated herein that Judge Rufe is fully aware of, and conversant with, the circumstances of this case as they have latterly developed and takes no exception to our action herein.

We are satisfied, likewise, that the appointment of Falkenstein must be vacated. At the time when the order appointing him constable was entered, Brown had already been appointed and had qualified and, therefore, no vacancy existed for Falkenstein to fill. Therefore, we think that it is appropriate to vacate both orders and to receive and entertain any petitions which may be filed hereinafter for the purpose of appointment of a constable for the Fourth Ward for the Borough of

Morrisville. Accordingly, we hereby enter the following

## ORDER

And now, September 23, 1974, it is hereby ordered, directed and decreed that the rules entered on May 3, 1974, to show cause why the appointments of Harry Falkenstein and Kenneth Brown should not be vacated are hereby made absolute and the appointment of Kenneth A. Brown as constable in the Fourth Ward of the Borough of Morrisville entered on January 18, 1974, is hereby vacated and the order of January 28, 1974, appointing Harry F. Falkenstein as constable for the Fourth Ward for the Borough of Morrisville is likewise vacated.