THOMAS F. MORRIS & another *vs.* JOHN McCARTY & another.

Suffolk. November 17, 18, 1892. — January 5, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Real Action — Tenancy by the Entirety — Statute — Joint Tenancy.*

On a writ of entry it appeared that the deed in question, given in 1886, was to A. and B., wife of A., "as tenants by the entirety and not as tenants in common." The grantees were not in fact husband and wife. Under the St. of 1885, c. 237, a deed will create an estate in common, unless by its true construction it is expressed therein that the grantees are to take the land jointly or as joint tenants, or to them and the survivor of them, or unless it manifestly appears from the tenor of the instrument that it was intended to create an estate in joint tenancy. *Held,* that the effect of the deed was to create an estate in joint tenancy, without the special features of an estate in entirety.

WRIT OF ENTRY, to recover an undivided half of a parcel of land in Boston.

The case was heard in the Superior Court, without a jury, by *Sherman,* J., who found that the demandants were children, and the only heirs of Mary Ann McCarty, the alleged wife of the tenant John McCarty; that a deed of the land, dated January 16, 1886, was made to the tenant and Mary Ann McCarty, his alleged wife, the material parts of which are as follows: "Know all men by these presents, that we, George Curtis and Solomon Bolster, trustees, in consideration of twenty-five hundred dollars to us paid by John McCarty and Mary Ann McCarty, wife of the said John, hereby grant, bargain, sell, and convey unto the said John McCarty and Mary Ann McCarty, as tenants by the entirety and not as tenants in common, a certain parcel of

land, . . . to have and to hold the above granted premises, with all the privileges and appurtenances thereto belonging, to the said John McCarty and Mary Ann McCarty as tenants by the entirety and not as tenants in common, and their heirs and assigns, to their own use and behoof forever"; that at the time the marriage ceremony took place between John and Mary Ann McCarty, in 1875, Mary Ann was married to Daniel Leahy who was then and continued for some years to be alive; that Mary Ann and John McCarty continued to live together as man and wife, and the parties agreed that it might be assumed that all the parties to the deed believed that the two were husband and wife; but the judge found that John and Mary Ann were never legally married. Both Leahy and Mary Ann McCarty died before the date of the writ.

The judge found for the tenants, and reported the case for the determination of this court. If the finding for the tenants was erroneous as matter of law, on the facts found and above stated, and a finding should have been made for the demandants, then the finding was to be set aside and judgment was to be entered for the demandants.

*W. H. Brown*, for the demandants.

*W. S. Frost*, for the tenants.

ALLEN, J. The deed could not have the effect to create an estate in entirety, because the grantees were not in fact husband and wife, though described as such by the grantors. The question therefore is whether the grantees became joint tenants or tenants in common.

The deed was given in 1886, and is therefore subject to St. 1885, c. 237, under which a deed must be construed to create an estate in common, unless, by its true construction, it is expressed therein that the grantees are to take the land jointly or as joint tenants, or to them and the survivor of them, or unless it manifestly appears from the tenor of the instrument that it was intended to create an estate in joint tenancy.

An estate in entirety is an estate in joint tenancy, but with the limitation that during their joint lives neither the husband nor the wife can destroy the right of survivorship without the assent of the other party. *Donahue* v. *Hubbard*, 154 Mass. 537, and cases there cited. The doctrine of survivorship is the dis-

tinguishing incident of title by joint tenancy. 4 Kent Com. 360. On looking at the deed under which the tenant claims, it is quite plain that the grantors intended to create an estate in joint tenancy, as distinguished from an estate in common. The particular form of estate in joint tenancy which they contemplated fails; but they took great pains to exclude the idea of an estate in common, and the effect of the deed is to create an estate in joint tenancy, without the special features of an estate in entirety.                                    *Judgment affirmed.*