## MARY T. MICHAEL, ADMINISTRATRIX, *v.* JAMES LUCAS ET AL.

*Joint Tenancy—Words Necessary for Creation.*

A deed of leasehold property to a man and a woman, not his wife though so designated, "as tenants by the entireties, the survivor of them, his or her personal representatives and assigns," created a joint tenancy, the intention to give the right of survivorship clearly appearing, and Code, ch. 50, sec. 13, providing that no deed or devise shall create an estate in joint tenancy, unless it is expressly so provided, not making the words "joint tenancy" essential for the purpose.

*Decided March 3rd, 1927.*

Appeal from the Circuit Court of Baltimore City (FRANK, J.).

Bill by Mary T. Michael, administratrix of Joseph Kuntz, deceased, against James Lucas and Anna Lucas, his wife. From a decree for defendants, plaintiff appeals. Affirmed.

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Albert A. Sapero,* for the appellant.

*J. Calvin Carney,* for the appellees.

Sloan, J., delivered the opinion of the Court.

By deed dated May 29th, 1920, the leasehold property No. 122 Barney Street, Baltimore, was conveyed "to Joseph Kuntz and Emily H. Kuntz, his wife, as tenants by the entireties, the survivor of them, his or her personal representatives and assigns." The *habendum* clause in the deed is: "To have and to hold the said described lot of ground and premises unto and to the use of the said Joseph Kuntz and Emily Kuntz, his wife, as tenants by the entireties, the survivor of them, his or her personal representatives and assigns." Emily H. Kuntz was not the name of the grantee so named. Her name was Anna Lucas and she was not the wife of Joseph Kuntz, but was the wife of one James Lucas, Sr. After the execution of the deed, Joseph Kuntz died and letters of administration were granted upon his estate to the appellant, Mary T. Michael. The appellant filed a bill for the sale and partition of the property mentioned, on the theory that Joseph Kuntz and Anna Lucas, *alias* Emily H. Kuntz, held the property acquired under the deed as tenants in common, and that the undivided interest of Joseph Kuntz at his death fell to his administratrix. To this bill the appellee demurred, alleging as the ground of demurrer that the property passed to her as the survivor of the grantees. The Circuit Court of Baltimore sustained the demurrer and passed a decree dismissing the bill.

The appellant depends upon her construction of section 13 of article 50 of Bagby's Annotated Code of 1924, which is as follows: "No deed, devise or other instrument of writing shall be construed to create an estate in joint tenancy unless in such deed, devise or other instrument of writing it is expressly provided that the property thereby conveyed is to be held in joint tenancy." It is conceded that the deed in evidence did not convey an estate by the entireties, as such an

estate can only exist under a deed to a husband and wife. What estate did pass by this deed? As was said by Judge Thomas in *Lang v. Wilmer,* 131 Md. 224: "The intention of the grantor that the whole estate should vest in the survivor is manifest, and that intention should prevail unless in conflict with some settled rule of law." The appellant contends that because the words "joint tenancy" do not appear in the deed to Joseph Kuntz and Emily Kuntz, his wife, under the statute the estate thereby created is a tenancy in common. We do not understand these words to be essential to create a joint tenancy. If the language used accurately describes a joint tenancy, there will be a compliance with the statute. The chief incident of a joint tenancy is survivorship, and the conveyance in the present case is to the grantee or "the survivor of them." 1 *Tiffany on Real Property,* 372; *Apgar v. Christophers,* 33 Fed. 201; *Coster v. Lorillard,* 14 Wendell (N. Y.), 265. "By the use of the term 'survivor' in the grant, the intention is clearly indicated that there shall exist the right of survivorship." *Craft v. Wilcox,* 4 Gill, 506. "The mere use of different terms, where it is clear that the parties understood the nature and incidents of the different estates and where the language shows that the estate is clearly not a tenancy in common, but a joint tenancy, should not defeat their purpose." *Slaten v. Gruger,* 165 Ill. 333.

It can be said here, as was said by Judge Pattison in *Murray v. Kerney,* 115 Md. 517: "It is not difficult to ascertain the meaning of said paper-writing." It is manifest that by the deed, which is the subject-matter of this case, it was intended that the grantees should have the property while both lived and at the death of either it should pass to the survivor.

*Decree affirmed, with costs to the appellees.*