## Lowry's Estate.

Argued March 28, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*H. Stanley Douglass,* Special Deputy Attorney General, with him *E. Russell Shockley,* Deputy Attorney General, and *Wm. A. Schnader,* Attorney General, for appellant.

*John M. Ralston,* with him *Frank W. Stonecipher,* of *Stonecipher & Ralston,* for appellee.

OPINION BY MR. JUSTICE MAXEY, April 9, 1934:

W. C. Lowry died October 30, 1932. The Commonwealth determined the value of his estate for inheritance tax purposes under the Act of June 20, 1919, P. L. 521, as amended by the Act of May 16, 1929, P. L. 1795. In this appraisal was included the following item: One-half joint bank account in Wilkinsburg Bank, $7,393.26. The joint owners of this account were the decedent and Margaret P. Lowry, his daughter. Objection was made to the tax on one-half of this joint bank account. This sum of $7,393.26 was the total of two joint bank accounts, established March 2, 1931, by Lowry and his daughter, with the express right of survivorship. The court below ruled that the decedent's interest in these two accounts was not subject to a transfer tax, citing as controlling authority, Haggerty's Est., 311 Pa. 503, 166 A. 580. This ruling was correct.

It is the Commonwealth's contention that the legislature by the Act of 1929 intended to make a decedent's interest in an account such as the one now before us, subject to a transfer tax. It may be that the legislature *intended* to do this but it did not choose apt words with which to effectuate its purpose.

520

The Commonwealth states in its paper book: "The Legislature, by the Act of 1929, in effect, extended the Act of 1812 [P. L. 259] to joint tenancies created by will or deed, for transfer inheritance tax purposes, with the additional provision that the right of survivorship created by deed or will should be deemed a testamentary disposition of the deceased tenant's interest in the whole to the survivor, which would not take effect until the death of the deceased tenant." The Commonwealth would have us interpret paragraph "e" of section 1 of the amendatory Act of 1929, as though the words "prima facie" in the phrase "shall be deemed, prima facie, a transfer of one-half or other proper fraction thereof" apply only to the words "one-half, or other proper fraction thereof" and not to the word "transfer." Nothing in the act's context or title justifies this interpretation.

When a statute does not itself define a word it uses, that word must be given its ordinary legal signification. The word "transfer" as used in the title of the Act of 1919, and in the body of the act itself, and in the title of the amendatory Act of 1929, and in the body of that act, has a long established meaning. As applied to property it means that the owner delivers it to another person with the intent of passing the rights which he had in it, to the latter.

In Haggerty's Est., supra, we said in respect to accounts like the one now before us that when one of the tenants by entireties died, nothing in respect to their joint bank account was "transferred" from the deceased to the survivor; the sole interest in the whole account merely *"remained"* to the survivor (Blackstone, Book 2, sections 182 and 184), and therefore there was no transfer to be taxed. The Act of March 31, 1812, 20 P. S., section 121, abolished the right of survivorship as an incident of a joint tenancy, no matter how created, but it did not prevent the creation of this right either by a devise in a will or by grant in a deed of conveyance. It

has ceased to exist as an incident, but it can be legally created as a principal, as was done here. See Arnold v. Jack's Exrs., 24 Pa. 57.

If our interpretation of paragraph "e" of section 1 of the Act of 1929 makes that paragraph inoperative by putting property held by entireties beyond the reach of the taxing power conferred by the Property Transfer Tax Act of 1919, as amended in 1929, the remedy is obvious. The legislative craftsmen of the United States government and of many states have found no difficulty in framing a law to enable their taxing authorities to include in the appraisal of a decedent's taxable estate the value of the interest in property the decedent held jointly with another, with the right of survivorship. See Tyler v. United States, 281 U. S. 497; Tax Commission of Ohio v. Hutchinson, 120 Ohio St. 361, 166 N. E. 352.

If the interpretation contended for by the Commonwealth is placed on paragraph "e" of section 1 of the Act of 1929, that paragraph would be unconstitutional for there is nothing in the title of the act which indicates that the common law nature and incidents of property rights held under a joint tenancy, with what Blackstone terms "the grand incident of joint estates, viz., the doctrine of survivorship," are to be changed by that act so that upon the death of one joint tenant that tenant's property right in the estate so held is *transferred* from the decedent to the survivor. Only a transfer of property can be taxed under an avowedly property transfer tax.

The decree is affirmed; costs to be paid by appellant.