## Montgomery, Admrx., Appellant, *v.* Keystone Savings & Loan Association et al.

Argued October 6, 1942.

*Wm. F. Berkowitz,* for appellant.

*Philip Werner,* with him *T. P. Mikell* and *Saul, Ewing, Remick & Harrison,* for appellee.

OPINION BY RHODES, J., December 8, 1942:

This is an appeal by plaintiff, administratrix of the estate of Martha G. Crawford, deceased, from a judgment entered in favor of the administrator of the estate of Mary C. Weiss, deceased, on a finding by the trial judge, before whom the action was tried without a jury.

Mary C. Weiss died intestate on October 31, 1940, and her sister Martha G. Crawford died intestate on February 26, 1941. This action is the result of the disputed ownership of twenty shares of stock, series No. 46, of the Keystone Savings and Loan Association, formerly known as the Keystone State Building and Loan Association. These shares matured on April 14, 1941, when the sum of $2,000 became due and payable by the association which was joined as a party defendant with the administrator of the estate of Mary C. Weiss, deceased. On behalf of the estate of Martha G. Crawford, deceased, it was contended that the two sisters held the shares as joint tenants with the right of survivorship, and that therefore that estate is entitled to their full matured value. The estate of Mary C. Weiss, deceased, claimed ownership of $1,000 of the fund. Defendant association paid one-half of the fund to the estate of Martha G. Crawford, deceased, and it is stakeholder as to the balance pending the determination of the nature of the estate created therein.

We find no dispute as to the material facts, and they may be summarized as follows: Some time prior to December 11, 1939, the defendant association had issued to Martha G. Crawford and Mary C. Weiss forty installment shares of stock, twenty of the shares being in series No. 41, represented by book No. 2336, and twenty shares in series No. 46, represented by book No. 2514. The books were endorsed as follows:

"Martha G. Crawford   ⎧ Either
                      ⎨   to
"Mary C. Weiss        ⎩ draw"

They both signed a card where their names appear, which was retained as part of the records of the defendant association:

"WEISS, MARY C.—dec'd—

| CRAWFORD, MARTHA G.—dec'd | | Shares | Book No. | Series |
|---|---|---|---|---|
| Signature | Martha G. Crawford | ~~20~~ | ~~2336~~ | ~~41~~ |
| (In full) | Either to draw | 20 | 2514 | 46 |
| Joint owner | | 20 | F.P.S | #57 |
| In trust for | sister Mary C. Weiss | | | |
| Address | 5126 Knox St. | | | |
| dec'd | Gtn | | | |

Each said stockholder is the owner of the whole of this account, and each shall have full power to draw against it, and in case of the death of either, such power shall continue to the survivor as fully as if this account had been originally in the name of such survivor.

KEYSTONE STATE BUILDING
AND LOAN ASSOCIATION
of Germantown

Introduced by                    19 . "

On December 11, 1939, all installments payable on the twenty shares in series No. 41, book No. 2336, having been paid, the association issued a certificate No. 57 for twenty shares of its full paid stock to "Martha G. Crawford and Mary C. Weiss as joint tenants with the right of survivorship and not as tenants in common."

On April 14, 1941, all installments payable on the twenty shares in series No. 46, book No. 2514, having been paid, the sum of $2,000 became due and payable by the defendant association.

Although the Act of March 31, 1812, P. L. 259, 5 Sm. L. 395, 20 PS §121, abolished the right of survivorship as a legal incident of joint tenancy (*Redemptorist Fathers v. Lawler*, 205 Pa. 24, 25, 54 A. 487), there is no legal restriction on the right of the parties to provide otherwise by agreement, deed, or will. *Leach's Estate*, 282 Pa. 545, 549, 128 A. 497; *Lowry's Estate*, 314 Pa. 518, 520, 171 A. 878; *Jones et al. v. Cable*, 114

Pa. 586, 591, 7 A. 791. See, also, *Reap, Ex'r, v. Wyoming Valley Trust Co.,* 300 Pa. 156, 150 A. 465. The right of survivorship may be expressly created *(Seely et al. v. Seely et al.,* 44 Pa. 434, 437), or it may arise by necessary implication *(Sturm v. Sawyer,* 2 Pa. Superior Ct. 254, 256; see *Redemptorist Fathers v. Lawler,* supra). In *Mardis, Adm'x, v. Steen,* 293 Pa. 13, at page 16, 141 A. 629, at page 630, our Supreme Court said: "It has been held that this legislation [Act of 1812, supra] limited only the legal presumption which formerly followed, and placed no restriction on the freedom of the parties to provide by agreement or otherwise that the right of succession, which existed previous to the act, should apply. In other words, survivorship, as an incident of an estate held by joint tenants, is still lawful and the question is now one of intent, and no particular words are necessary except that the intent be expressed with sufficient clearness to overcome the presumption arising from the statute: *Leach's Est.,* 282 Pa. 545, 549 [128 A. 497]." See, also, *In re Crist's Estate,* 106 Pa. Superior Ct. 571, 580, 162 A. 478; *Haggerty's Estate,* 311 Pa. 503, 506, 166 A. 580.

Appellee, the administrator of the estate of Mary C. Weiss, deceased, now contends that the survivor, Martha G. Crawford, had only the power to draw against the stock, and that as she failed to exercise that power it lapsed with her death. We find no merit in this contention, and we are of the opinion that the trial judge erred in construing the undisputed evidence as not creating a joint tenancy with the right of survivorship in the twenty shares of stock in series No. 46, book No. 2514, and the maturity value thereof.

The language at the bottom of the signature card expresses with sufficient clarity the intention to create a joint tenancy with the right of survivorship. This applies to the shares in both series. The phraseology imports complete and unqualified ownership in the survivor. The words "Either to draw" inserted in ink

between the lines on which the signatures were placed, and also as they appear on the receipt books issued by the association, are not inconsistent with the obvious meaning of the language on the card, although such words standing alone would not create a joint tenancy with right of survivorship.

But there is also confirmatory evidence of the parties' intention and their acknowledgment of the binding effect of the printed clause at the bottom of the signature card. Upon the maturity of the twenty shares in series No. 41, book No. 2336, the association issued the full paid certificate No. 57, which was accepted by the parties who were then living, and which was subsequently paid and canceled on the endorsement of the administratrix of the estate of Martha G. Crawford, deceased, dated May 13, 1941.

There is not a scintilla of evidence which would indicate that the twenty shares in series No. 46 were not to be held in the same manner as those in series No. 41.

Appellee argues that the typewritten notation on the signature card which refers to series No. 46 may have been placed there after the parties signed the card and without their direction. There is an absence of any evidence of that character, and a fact-finding body would not be warranted in so finding on the record before us. It is admitted that the signatures on the card are genuine. Consequently, under the circumstances, the burden was on appellee to produce evidence that the card is not what it purports to be.

Appellee cites and relies upon *Flanagan, Adm'r, v. Nash*, 185 Pa. 41, 39 A. 818. In that case it was held that where a person deposits his money in a savings fund in the joint name of himself and another under a stipulation in the deposit book that either may draw the fund, or the survivor may draw it, the other person, after the death of the owner of the fund cannot, in the absence of any other evidence, establish title to the

fund, either as a gift inter vivos, or as a donatio mortis causa. That case is not controlling as the facts are different. In the case before us it was provided, inter alia, that "each said stockholder is the owner of the whole of this account." See *Mader et al. v. Stemler et al.*, 319 Pa. 374, 378, 379, 179 A. 719. We are of the opinion that the undisputed evidence in the present case permits of but one conclusion which we have previously stated.

The assignments of error with the exception of the seventh are sustained.

The judgment is reversed, and is here entered for the plaintiff.