# Wright Estate.

Argued October 1, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*John H. Lauer,* with him *John K. Benn,* for appellant.

*Kenneth G. Jackson,* with him *John E. Laughlin, Jr.,* and *Thorp, Bostwick, Reed & Armstrong,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, October 15, 1943:

This is an appeal to determine (1) whether testator in creating a trust of his residuary estate violated the

rule against perpetuities and (2) whether the legacies devised to certain relatives lapsed by reason of their having predeceased the testator.

Howard G. Wright, a resident of Pittsburgh, died May 4, 1941, leaving a will dated August —, 1935. Charles M. Thorp, Jr., and the Commonwealth Trust Company of Pittsburgh were named executors and trustees. The residue of the estate was given to the trustees for the following uses and purposes: (1) To pay the "rents and income in equal shares, quarter annually, to my cousins, Emily Roxbrough and Mathilda Roxbrough, for and during the period of their natural lives, and the entire amount of said rents and income to the survivor of my said cousins for and during the period of her natural life." The trustees in their discretion are directed to make payments to said cousins, or the survivor of them, out of the principal of the estate, in the event that the income and rents therefrom are not sufficient for their proper support and maintenance. (2) After the death of both of said cousins, the rents and income from the estate are to be paid "in equal shares, quarter annually, to my uncles and aunts, viz., Charles W. Wright, Edward W. Wright, Mrs. Mary Charles and Mrs. Mary Wright, all of the City of Pittsburgh". (3) Upon the death of any of said aunts and uncles leaving issue, him or her surviving, the trust is to cease as to the share held for him or her, and the principal thereof to go to the issue of said deceased aunt or uncle, per stirpes. In the event that any of said aunts or uncles die without issue surviving then the share of the trust estate held for said aunt or uncle "shall be retained by the trustees and held for the benefit of my surviving aunts and uncles". (4) Upon the death of the last survivor of said aunts and uncles, the trust is to determine. In the event that, at that time, there is no living issue of the last surviving uncle or aunt to take the estate, the trust estate shall go "unto my heirs-in-law in accordance with the intestate laws of the State of Pennsylvania."

Emily Roxbrough predeceased testator, unmarried and without issue, Charles W. Wright predeceased the testator, leaving to survive him a widow, a son and two daughters. Mabel Wright Simpson, appellant, a sister of the testator, filed exceptions to the final account of the executors, contending (1) that the bequests to Emily and Charles lapsed by reason of their having predeceased testator, and that their respective interests vested in her under the intestate laws; and (2) that the entire trust was invalid because the remainder interests violated the rule against perpetuities, resulting in a complete intestacy and vesting the entire residuary estate in her as next of kin. The account was confirmed nisi by the auditing judge. Exceptions to the adjudication having been dismissed and the adjudication having been confirmed absolutely, the residuary estate was awarded to the trustees for purposes named in the will. This appeal followed.

To support the contention that the remainder interests violate the rule against perpetuities appellant relies upon that class of cases in which the testator intended, by a series of life estates, to support a remainder which clearly violated the rule against perpetuities: *Johnston's Estate*, 185 Pa. 179; *Gerber's Estate*, 196 Pa. 366; *Kountz's Estate*, 213 Pa. 390; *Lilley's Estate*, 272 Pa. 143. These cases are wholly inapplicable here.

"A perpetuity is any limitation or condition which may take away or suspend the absolute power of alienation for a period beyond life or lives in being . . . at the creation of the interest and for twenty-one years and possibly nine months thereafter . . .": *Lilley's Estate*, supra, 148. Here there can be no possible violation of the rule against perpetuities. Upon the decease of the survivor of Emily and Mathilda Roxbrough, the income was to be equally divided among Charles W. Wright, Edward W. Wright, Mrs. Mary Charles and Mrs. Mary Wright. The trust was to terminate absolutely upon the death of the last survivor of the above named, and what

remained at that time was to go to the issue of the survivor, or, in default of such issue, to the heirs at law of the testator in accordance with the intestate laws of this Commonwealth.

The ultimate vesting of the remainder interest could not occur at a time later than the death of the last surviving uncle or aunt. The remainder interest would then vest either in the issue of the last surviving uncle or aunt or in the heirs at law of the testator. Appellant's argument, that a postponement beyond twenty-one years in the distribution of the estate could result by reason of a failure to ascertain the next of kin, relates not to the vesting but to the actual enjoyment of the interest. The rule against perpetuities applies only to the vesting of the interest, not to the enjoyment of it.

Appellant further contends that the gift to Emily Roxbrough has lapsed by reason of her having predeceased the testator. This argument completely ignores the specific provision of the will that trustee is to pay ". . . the entire amount of said rents and income to the survivor of my said cousins for and during the period of her natural life." The Act of March 31, 1812, P. L. 259, has abolished the right of survivorship in joint tenancy. This Court, however, said, in *Arnold v. Jack's Executors*, 24 Pa. 57, 61: ". . . conceding that the right of survivorship, as an incident of a joint-tenancy, no matter how created, is gone, it by no means follows that this right may not be expressly given either by a devise in a will or by grant in a deed of conveyance. It may cease to exist as an incident, and yet be legally created as a principal." See *Jones v. Cable,* 114 Pa. 586. "If a gift is made to two or more beneficiaries who take severally or as tenants in common, and not as joint tenants or as a class, the share of one of these beneficiaries lapses if he dies before testator dies, . . . If a gift is made to two or more as joint tenants, the right of survivorship applies to the case in which one of such beneficiaries dies before testator. If any of the joint tenants survive testator they will

take the property which was devised or bequeathed to all in the will": Page on Wills, section 1421. Since provision is made in the will for the right of survivorship to persons specifically named, the death of one during the lifetime of testator gives that interest to the survivor or survivors. Clearly, the legacy to Emily Roxbrough has not lapsed.

Finally, appellant contends that the bequest to Charles W. Wright has lapsed by reason of his having predeceased testator, leaving to survive him a son and two daughters. We need not decide at this time who is entitled to the share of principal, the income from which Charles would have received had he survived Mathilda. The appellant has no present interest in this estate.

Decree affirmed. Costs to be paid by appellant.