## Howell, Exr., *v.* Kline et al., Appellants.

Argued December 13, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT and RENO, JJ. (JAMES, J., absent).

*J. Willard Paff,* with him *H. A. P. Fischer* and *Smith & Paff,* for appellants.

*Chauncey D. Howell,* with him *Edgar O. Richards,* for appellees.

OPINION BY RENO, J., March 14, 1945:

The sole narrow issue raised by this appeal is whether the nature of the estate taken by co-assignees of two bonds and mortgages on New Jersey real estate is determined by the law of Pennsylvania or by that of New Jersey, where the assignment was made in Pennsylvania and the assignor and assignees were all Penn-

sylvania residents. In a case stated between the personal representatives of the assignees, Ida B. Miller and Walter H. Miller, the court below entered judgment for plaintiff, applying the law of New Jersey, which it ascertained under the provisions of the Uniform Judicial Notice of Foreign Law Act of May 4, 1939, P. L. 42, 28 PS §§291 et seq.

Eliza Miller, the owner of two bonds and mortgages on real estate situated in Belvidere, New Jersey, executed, on August 28, 1929, an assignment of them to her son and daughter. The instrument recited that it was made "in consideration of the sum of one dollar and other good and valuable consideration ...... in hand paid by Walter H. Miller and Ida B. Miller, joint tenants," but words indicating an intention to create a joint tenancy in the assignees did not elsewhere appear. The assignment was executed and delivered in Northampton County where all three parties were then residing. Walter H. Miller died on December 17, 1941, and Ida B. Miller died three days later. An offer of $4,000 for the bonds and mortgages was accepted by the personal representatives of both deceased assignees and the fund so created was placed in a special account pending the outcome of this litigation to determine their respective interests in it. Ida B. Miller's executor, the plaintiff, who prevailed below, asserts that her estate is entitled to the entire proceeds as by the law of New Jersey the form of the assignment was sufficient to create a joint tenancy, with the incident of survivorship, in the bonds and mortgages, while Walter H. Miller's administrators claim one half of the fund on the theory that under the law of Pennsylvania the language of the assignment was sufficient to constitute the assignees tenants in common only and that Walter's interest was therefore not affected by his death before Ida.

That the state of the law both in Pennsylvania and in New Jersey was correctly determined below is not here in dispute; the point of disagreement is on the

question which law properly is applicable. Under our Act of March 31, 1812, P. L. 259, 5 Sm. L. 395, §1, 20 PS §121, the language of the assignment was not sufficient to create a joint tenancy with the incident of survivorship. *Kennedy's Appeal*, 60 Pa. 511; *Yard's Appeal*, 86 Pa. 125. Under the New Jersey law, Revised Statutes, 1898, p. 675, §15, 46 N. J. Statutes annotated, §3-17, the words "joint tenants", without more, do create a joint tenancy with survivorship. *Coudert v. Earl*, 45 N. J. E. 654, 18 A. 220, *Taylor v. Lowencamp*, 104 N. J. E. 302, 145 A. 329; *N. J. Title Guarantee & Trust Co. v. Archibald*, 90 N. J. E. 384, 107 A. 472, affirmed 91 N. J. E. 82, 108 A. 434.

The Restatement, Conflict of Laws, §226, is relied upon to sustain the order. The section referred to provides: "The validity and effect of an assignment of a mortgage on land is determined by the law of the state where the land is." The phrase "effect of an assignment of a mortgage on land" as there used is evidently intended to include a determination of the nature of the estate vesting in the assignees of a mortgage by reason of the assignment. See Id. §215, comment a. No decisional authorities directly ruling the precise point here involved have come to our attention, but we think the rule of the Restatement is supported by sound considerations of reason that warrant its application to the present case.

As a general principle, all questions having to do with real estate and the interpretation and effect of instruments relating to land and interests in land are resolved in accordance with the law of the state where the realty is situated. 2 Beale, The Conflict of Law, §214.1. Thus, the capacity of a grantor to make a valid conveyance of real estate is governed by the law of the place where the land is located, without regard to the domicile of the grantor or the place of the execution of the instrument. *Linton v. Moorhead*, 209 Pa. 646, 59 A. 264. Where a deed executed in one state con-

veys land in another, the law of the situs of the land determines the kind and quality of the estate taken by the grantee in the deed. *Robards v. Marley,* 80 Ind. 185; *Bronson v. St. Croix Lumber Co.,* 44 Minn. 348, 46 N. W. 570; *Harlan v. Manington,* 152 Iowa 707, 133 N. W. 367; *Peter v. Peter,* 136 Md. 157, 110 A. 211. Similarly, where a mortgage is created on land in a state other than that in which the mortgage documents are signed and delivered, the law of the state where the mortgaged land is will be applied to ascertain the nature of the mortgagee's estate and the extent of his lien on the mortgaged premises. *Beso v. Eastern B. & L. Assn.,* 16 Pa. Superior Ct. 222, affirmed 201 Pa. 355, 50 A. 953; *Danner & Co. v. Brewer & Co.,* 69 Ala. 191; *Hannah v. Vensel,* 19 Idaho 796, 116 Pac. 115. So, also, is the procedure for the enforcement of the mortgage obligation referable to the law of the situs of the mortgaged property. *Sea Grove B. & L. Assn. v. Stockton,* 148 Pa. 146, 23 A. 1063. Cf. *Hall v. Hoff,* 295 Pa. 276, 145 A. 301.

Preeminence is given, in these situations, to the law of the place where the land lies out of two considerations upon which the decisions are uniformly in agreement. Manifestly, the jurisdiction in which real estate is located must necessarily have the last word in disputes involving property there, for there is the seat of the ultimate power to enforce judgments and decrees directed against the land within its borders, a power wholly denied extra-territorial tribunals which might presume to adjudicate questions relating to the property or the status of claimants to it. In addition, the desirability of achieving certainty with respect to the titles to land strongly recommends the application of a single body of law to all the issues growing out of the enjoyment and commercial utilization of real property.

These considerations are as germane, in selecting the law to be applied, where the choice results from the assignment of a bond and mortgage as where it arises

632

from the creation of a mortgage or the making of a conveyance. The interests here in dispute are essentially the interests of the assignees in the bonds and mortgages, for the fund represents them and came into existence as the proceeds of their assignment. A bond, as well as a mortgage, is a contract relating to real property and is for present purposes to be governed by similar principles. *Baum v. Birchall,* 150 Pa. 164, 24 A. 620. By the assignment the assignees were invested with the powers and interests previously in the mortgagee, *McCurdy's Estate,* 303 Pa. 453, 154 A. 707, including the foreclosure and other collection rights exercisable directly against the land and which of necessity would be required to be enforced in accordance with the law of New Jersey where the mortgaged premises are and where those rights would have to be asserted. In view of the residual power of the State of New Jersey over the mortgaged property, and in the interest of imparting certainty to the quality of the rights of the holders of the mortgage instruments wherever they may be taken and dealt with, we think the law of New Jersey was properly applied to determine the nature of the estates vesting in the assignees upon the assignment of the bonds and mortgages.

Judgment affirmed.