Maxwell et al. *v.* Saylor, Appellant.

Argued January 8, 1948; reargued April 14, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Alfred L. Taxis, Jr.*, with him *J. B. Hillegass* and *Hillegass & Moran*, for appellant.

*E. Arnold Forrest*, with him *Wright, Mauck, Hawes & Forrest*, for appellees.

OPINION BY MR. JUSTICE HORACE STERN, April 20, 1948:

Raymond Maxwell and Jessie A. M. Maxwell were married in 1914; a daughter, Bernice H. Maxwell, was born to them in 1917. They lived together in Conshohocken until 1930 when Maxwell left his wife and went to live with Emma Saylor in Norristown, where she conducted a large boarding house. His intimacy with her was such that they came to be known in the neighborhood as husband and wife. In 1942 Emma Saylor, being desirous of reducing the size of her establishment, bought for that purpose a property at 818 Green Street; Maxwell moved with her and remained there until his death in 1945. When the Green Street property was purchased title was taken in the name of Raymond Maxwell and Emma Maxwell, "his wife", and the grant was to them, "their heirs and assigns, as tenants by the en-

tireties". The purchase price was $3250 of which Emma Saylor paid $200 in cash; she and Maxwell gave a note for $800 and signed a bond and mortgage for the remaining $2250, and subsequently Emma Saylor paid the $800 in monthly installments; she has also paid all the interest on the mortgage to date. Maxwell made no contribution whatever to the purchase price. When he died his wife and daughter brought the present bill in equity for partition, on the theory that, as his heirs, they were the owners of an undivided one-half interest in the property.

We are of opinion that plaintiffs' claim is not well founded and that the court below was in error in holding to the contrary. It is true, of course, that Maxwell and Emma Saylor, even though she was designated in the deed as Mrs. Maxwell, could not take title as tenants by the entireties, since that type of seisin is limited to grantees who are legally husband and wife. But it was held in *Thornton v. Pierce,* 328 Pa. 11, 194 A. 897, that although a deed under such circumstances is ineffective to create a tenancy by the entireties it is not wholly invalid, there being no reason why the grantees, like any other two persons, cannot take title in some form of dual ownership "appropriate under the circumstances".

The question here is: What is such appropriate form of tenancy? This depends entirely upon the intention of the parties, which is the ultimate guide by which all deeds must be interpreted: *Hindman v. Farren,* 353 Pa. 33, 44 A. 2d 241. Their *declared* intention was to own the property as tenants by the entireties, which is an estate "per tout et non per my". This was equivalent to stating in so many words that they desired to establish a right of survivorship: *Michael v. Lucas,* 152 Md. 512, 137 A. 287; *Mitchell v. Frederick,* 166 Md. 42, 170 A. 733. Therefore joint tenancy with the right of survivorship,— an estate "per my et per tout"—best effectuates their intention to the extent legally permissible, that being

the form of tenancy for unmarried persons most nearly resembling the tenancy by the entireties enjoyed by husband and wife, since in both instances the survivor takes the whole.

It is contended by plaintiffs that the phrase in the deed "their heirs and assigns" is in conflict with, and serves to negative, any presumed intention to create a right of survivorship; this argument fails, however, in view of the fact that "their heirs and assigns" are not words of purchase but of limitation, such being their time-honored use for the purpose of conveying a fee simple title. Nor are we unmindful of the fact that the right of survivorship as an attribute, or necessary incident, of joint tenancy was abolished by the Act of March 31, 1812, P. L. 259, 5 Sm. L. 395. But that statute does not prevent the creation of the right of survivorship by the express words of a will or deed or by necessary implication, and no particular form of words is required to manifest such an intention.*

In the present case it is especially just and proper that defendant should be conceded the right of survivorship since every dollar of the money invested in the property was hers and not Maxwell's; it is inconceivable that the parties could have intended, under such circumstances, that upon Maxwell's death she should be deprived of any part of the title to a property which was acquired solely by the fruits of her own labor.

Decree reversed and bill dismissed; costs to be paid by plaintiffs.

---

* Arnold v. Jack's Executors, 24 Pa. 57; Jones v. Cable, 114 Pa. 586, 7 A. 791; Redemptorist Fathers v. Lawler, 205 Pa. 24, 54 A. 487; McCallum's Estate, 211 Pa. 205, 60 A. 903; Leach's Estate, 282 Pa. 545, 128 A. 497; Mardis v. Steen, 293 Pa. 13, 141 A. 629; Haggerty's Estate, 311 Pa. 503, 166 A. 580; Lowry's Estate, 314 Pa. 518, 171 A. 878; Wright Estate, 348 Pa. 76, 34 A. 2d 57; Montgomery, Administratrix, v. Keystone Savings & Loan Association, 150 Pa. Superior Ct. 577, 29 A. 2d 203.

98

Dissenting Opinion by Mr. Justice Allen M. Stearne:

I dissent from the majority opinion. This decision is contrary to reason and is unsupported by legal authority. A married man and a woman (not his wife) acquired title, *as* husband and wife, as "tenants by the entireties". Such seisin was not effective because the parties were not *in fact* husband and wife. I do not agree that *under the guise of construing the deed* this Court may decree a *supposed* intention contrary to that *expressed*. Such interpretation rests upon the supposed theory that because tenancy by the entireties has an attribute of survivorship, the parties *must have intended* to create a joint tenancy with survivorship. To support such an *implied* intent, additional words must appear *in the deed* which expressly or by necessary implication *disclose* such intent. I disclaim a legal doctrine which strikes down as inoperative an *express* seisin but uses the *same invalid words* to set up an *implied* seisin of a different quality.

The statement of the parties concerning their relationship was false. The *expressed* tenancy—tenancy by the entireties—was based upon this false statement. I would disregard the falsity and construe the deed as though such false statement and consequent inoperative seisin had been omitted. With such omission, the words of the deed constitute the parties *tenants in common* or at least joint tenants *without* survivorship. This was decreed by the court below, and which I would affirm.

In construing the words of any written document—whether it be a deed, will, contract or any other writing —the *intent* of the parties is the guide to interpretation. *Hindman v. Farren et al.*, 353 Pa. 33, 44 A. 2d 241, cited in the majority opinion, is an accurate statement of that principle. I do not agree, however, that the court may, by mental processes somewhat analogous to the *cy pres* doctrine construe such ineffective seisin to be a *joint tenancy with survivorship*. My answer to such a falla-

cious procedure is well expressed in *Perrin v. Harrington et al.*, 130 N. Y. Supp. 944, 946 (cited by this Court and hereafter referred to) : " '(An) estate of tenancy by the entirety has but one feature in common with that of joint tenancy, and that is in the right of survivorship. In all other essential respects they differ. The estate which vests by virtue of a grant jointly to husband and wife is peculiarly the result or product of the marriage relation, and depends for its continuance upon the unity of man and wife.' "

The quality of seisin in a *joint tenancy with survivorship* is quite dissimilar to that of an *estate by the entireties*. In such joint tenancy, each tenant is regarded as the tenant of the whole only for the purpose of *tenure and survivorship*. For the purposes of *alienation* and *forfeiture,* each has an undivided share. Thus joint tenants may hold as co-owners and the whole *may* pass to the survivor. *But either joint tenant may sever the tenancy* by alienation of his share or his creditors may attach and sell it, in which event the title is thereafter held as *tenancy in common: Madden et al. v. Gosztonyi Savings and Trust Company,* 331 Pa. 476, 200 A. 624 (KEPHART, C. J.) ; *American Oil Company v. Falconer et al.,* 136 Pa. Superior Ct. 598, 8 A. 2d 418, (PARKER, J., later Justice of this Court) ; 2 Blackstone Commentaries, 183, 185; Tiffany Real Property, third ed., vol. 2, sections 418, 425, 430 and supplements; Challis's Real Property, third ed., p. 367; 48 C. J. S. p. 927. In contradistinction to such joint tenancy, a *tenancy by the entireties* exists only between a husband and wife; both are seized of the entirety; neither may alienate without joinder of the other; nor may the interest of either be attached or sold during the life of the other; *Stuckey v. Keefe's Executors,* 26 Pa. 397; *Beihl v. Martin,* 236 Pa. 519, 84 A. 953; *Gasner v. Pierce et al.,* 286 Pa. 529, 532, 134 A. 494; *Berhalter v. Berhalter,* 315 Pa. 225, 227, 173 A. 172; *Porobenski v. American Alliance Insurance Company of New York,* 317 Pa. 410, 411, 176 A. 205;

*Thees et ux. v. Prudential Insurance Company of America,* 325 Pa. 465, 467, 190 A. 895; *Gallagher Estate,* 352 Pa. 476, 43 A. 2d 132; *Wakefield v. Wakefield,* 149 Pa. Superior Ct. 9, 25 A. 2d 841. See also: 166 A. L. R. (1947) 969, 992.

It is but a matter of *conjecture* what the parties would have intended had they known that they could not take as tenants by the entireties. Again quoting from *Perrin v. Harrington,* supra, p. 946: "The deed clearly and in so many words expressing the intention of the grantees to take and hold as tenants by the entirety, and, it being impossible for them to take in that tenancy, it is not to be presumed that they intended to take in some other tenancy which does not give effect to the intention. Non constat, if they had been advised that they could not take as husband and wife, they would have chosen to take as tenants in common rather than as joint tenants, or by conveyance to them as tenants in common or joint tenants during their joint lives with remainder to the survivor. When we enter upon the field of conjecture, the point at which we find the parties would have ultimately landed cannot be determined." The correctness of this statement is demonstrated when we observe, in other litigation, the varying degrees of generosity displayed by a man toward his mistress or by a woman toward her lover. I am unimpressed with the supposed equity that it was the woman's money which purchased the real estate. This was not proven. Decision on this point was expressly withheld by the court. At the appellant's election, she could have deeded the property to decedent in fee, or the parties could have taken title as tenants in common or as joint tenants in express terms. They did take title as *husband and wife.* In fixing the taxability of joint tenancy with survivorship, even the Pennsylvania tax statute does not consider whose money was actually used in acquiring the asset: *Cochrane's Estate,* 342 Pa. 108, 20 A. 2d 305; *Commonwealth v. Nolan's Estate,* 345 Pa. 98, 26 A. 2d 308.

I agree with the decision in *Thornton v. Pierce,* 328 Pa. 11, 194 A. 897, cited in the majority opinion. I do not agree, however, that we decided in that case, as stated in the majority opinion: ". . . a deed . . . ineffective to create a tenancy by the entireties it is not wholly invalid, there being no reason why the grantees, like any other two persons, cannot take title in some form of dual ownership 'appropriate under the circumstances' ". We did *not* decide in *Thornton v. Pierce,* supra, that the married woman and the man whom she had regarded as her second husband were joint tenants with right of survivorship. That question was not at issue and was not decided. What we *did* decide was: the married woman in that case had the *power* to convey title to her own real estate *because of the desertion and nonsupport of her husband* under the terms of the Act of May 4, 1855, P. L. 430, 48 PS, 42. We decided that because the *supposed second husband* mistakenly joined in the deed, this did not revoke the *power* the woman possessed to make the deed and to create the mortgages. It was for *this* reason, and for this reason alone, we refused to set aside the deed and mortgages. We made no pronouncement concerning the *quality of seisin* remaining in the names of the woman and the man whom she had married as her second husband.

There are two statements in the opinion of *Thornton v. Pierce,* supra, with which I am in complete accord: It is said on p. 16 et seq.: "It is true that tenancy by entireties is limited to the case of a husband and wife, and therefore Pierce and Mrs. Thornton could hold title only as joint tenants or tenants in common. But the fact that in this respect the deed was ineffective did not wholly invalidate it, nor prevent the grantees from receiving and holding title under such form of tenancy *as was appropriate under the circumstances.* In cases where conveyances have been made to persons described as husband and wife, because believed to be such by the grantors and by themselves, it being either expressly

stated or impliedly intended that they were to take by entireties, but where it was discovered that they were not lawfully married and therefore could not hold under such a tenancy, they have been allowed to take the estate *either as joint tenants or tenants in common:* McKee v. Bevins, 138 Tenn. 249, 197 S. W. 563; Morris v. Mc-Carty, 158 Mass. 11, 32 N. E. 938; Perrin v. Harrington, 130 N. Y. Supp. 944; Butler v. Butler, 157 N. Y. Supp. 188; Bell v. Little, 197 N. Y. Supp. 674, 677, 678 (aff. 237 N. Y. 519, 143 N. E. 726). 'In this deed the intention that the grantees are to take as husband and wife as tenants by the entirety does appear. But they could not take in that tenancy, because they were not and could not under existing conditions ever legally become husband and wife. Such a tenancy can exist only between a lawful husband and wife, and cannot exist between two people under any other circumstances. . . . Their statement as to their relation being false and the tenancy expressed being necessarily based upon this false statement, or assumption of fact, *the expression of that intention should be disregarded and the tenancy created by the conveyance determined as though it had been omitted therefrom'*: Perrin v. Harington, supra (p. 946)" (emphasis supplied).

In that case this Court said that it was only persons who were married who could take as tenants by the entireties; that when unmarried persons did take title *as* tenants by the entireties, such tenure was ineffective; that such parties held as *joint tenants* or tenants in common *"as was appropriate under the circumstances".* We did *not* imply by this language (which was largely dictum) that the court possessed *discretion* to determine whether the tenure was joint or in common. Neither did we decide that *unequivocal* words could be construed to include an *additional intent not expressed.* "Appropriate under the circumstances" clearly meant whether, as in the Maryland and Massachusetts cases herein referred to, there was *additional language* used in conjunc-

tion with the grant which indicated the true intent. While *calling* a tenancy by an erroneous name, the grantor may, nevertheless, create a correct tenure. For example: by analogy, if a testator *calls* a fiduciary an *executor or administrator,* but bestows upon such fiduciary the duties of a *trustee,* the status of a *trustee* is thereby created. *Sheets' Estate,* 52 Pa. 257; *Schuldt v. Reading Trust Co. et al.,* 270 Pa. 360, 113 A. 545; *DuPuy's Estate,* 346 Pa. 143, 29 A. 2d 689. A court should not, in an effort to construe a deed, alter, vary or contradict its plain terms. "Appropriate under the circumstances" does not mean that the court may *surmise* what a grantor intended. In construing a deed, like a will, it is not what the grantor may have meant, but what are the meaning of his words: *Otis C. Fuller v. Sarah Ann Weaver,* 175 Pa. 182, 34 A. 634; *King v. New York & Cleveland Gas Coal Company,* 204 Pa. 628, 633, 54 A. 477; *Rosengarten Estate,* 349 Pa. 32, 36 A. 2d 310; *Myers Estate,* 351 Pa. 472, 41 A. 2d 570; *Hoffman v. Buchanan,* 83 Pa. Superior Ct. 454, 457. Appellant's oral testimony (not passed upon by the hearing judge) that she intended a survivorship cannot be considered in interpreting the *words* of the deed. Because there was no varying language used in connection with the creation of the estate by the entireties, and as the language used was clearly unequivocal, the only tenure, "appropriate under the circumstances" is a tenancy in common.

It is true, the Act of March 31, 1812, P. L. 259, 20 PS, 121, did not abolish the common law estate of joint tenancy. It took away the *incident of survivorship* and provided that, upon the death of a joint tenant, the estates of joint tenants shall ". . . be considered to every other intent and purpose in the same manner as if such deceased joint tenants had been tenants in common." See: *Redemptorist Fathers v. Lawler,* 205 Pa. 24, 54 A. 487; *Lowry's Estate,* 314 Pa. 518, 171 A. 878; *Wright Estate,* 348 Pa. 76, 79, 34 A. 2d 57; Pennsylvania Law of Real Property, Nicholson, third ed. p. 124. But to pre-

serve the common law presumption of survivorship in such an estate, the intent must be expressed with sufficient clearness to overcome the presumption arising from the statute: *Leach's Estate*, 282 Pa. 545, 128 A. 497; *Mardis, Administratrix, v. Steen*, 293 Pa. 13, 141 A. 629; *American Oil Company v. Falconer et al.*, 136 Pa. Superior Ct. 598, 8 A. 2d 418; *Montgomery, Admvx., v. Keystone Savings & Loan Association et al.*, 150 Pa. Superior Ct. 577, 580, 29 A. 2d 203. See also: *Howell, Exr., v. Kline et al.*, 156 Pa. Superior Ct. 628, 41 A. 2d 580, where even the words "joint tenants" without more, would not create a joint tenancy *with right of survivorship*. It may be true that despite the act, a joint tenancy *without* survivorship may still be created. But it is indeed difficult to distinguish the difference in the *quality* of such an estate and an estate in common. In any event such a distinction is unimportant in this case because appellant contends that there is a *survivorship*.

I emphatically disagree with the statement in the majority opinion that: ". . . Their *declared* intention was to own the property as tenants by the entireties. . . . This was equivalent to stating in so many words that they desired to establish a right of survivorship. . . ." Two Maryland cases are cited in alleged support of this statement. In the first case, *Michael v. Lucas*, 152 Md. 512, 137 A. 287, the *additional* words: *"the survivor of them"* appear in the deed. These words, the court held, demonstrated the grantor's intent to create *a survivorship*. In the second case: *Mitchell v. Frederick*, 166 Md. 42, 170 A. 733, there were six pieces of real estate. One deed conveyed three pieces and used the same words "the survivor of them". Citing the *Michael v. Lucas* case, supra, and for the same reasons, the court held there was a *survivorship*. The second deed, for the other three pieces, did not contain the words "the survivor of them". The court did hold that while the ineffectual tenancy by entireties title created a presumptive *tenancy in common,* under the Maryland statute a joint tenancy

with survivorship was really intended. Consonant with the Maryland cases (where survivorship was *expressly* provided) is *Morris v. McCarty*, 158 Mass. 11, 32 N. E. 938. There, after the attempted creation of an estate by the entirety, were the significant words: *"and not as tenants in common"*. This was held to be a clear indication of an *implied* intention of *survivorship*. In a note to 92 A. L. R. p. 1420, it is stated: "With one exception it is held that a conveyance to persons mistakenly believed to be husband and wife creates an estate in the parties *as tenants in common"* (emphasis supplied). Cases in support of the text are cited from Delaware, Maryland, Massachusetts, Michigan, New Jersey, New York and Tennessee.

Tiffany Real Property, third ed., section 431, p. 220, states: ". . . if a conveyance is made to two persons under the mistaken impression that they are husband and wife, they would take as tenants in common rather than as tenants by entireties, except as the intention that they shall hold as tenants by the entireties *may* be regarded as effective to create a join tenancy, which more closely resembles a tenancy by the entireties" (emphasis supplied). Footnote No. 46 cites *Mitchell v. Frederick*, supra, *Morris v. McCarty*, supra, and 92 A. L. R. 1412, 1420, supra.

The parties in this case were under no mistaken impression as to their true status. They made no honest mistake. Decedent's wife and daughter lived in an adjoining borough not over four miles away. Falsely they took title as *husband and wife*. No additional words disclosing intention of survivorship—either express or implied—appear in the deed. There is no seisin either as tenants by the entireties or as joint tenants. I would cut away the falsity and leave the parties exactly where they placed themselves. Title properly stands in the names of "Raymond Maxwell and Emma Saylor" i. e.: *tenants in common*. I would affirm the decree of the court below.