## Debnam v. Debnam

*John Francis Williams* and *R. Scoville Watson*, for plaintiff.

CRUMLISH, J., July 28, 1948.—The parties to this action were married on December 7, 1935. By deed dated June 6, 1945, they, as tenants by the entireties, acquired title to a property in Philadelphia. On September 11, 1947, the Court of Common Pleas No. 3, as of December term, 1946, no. 543, entered a decree of annulment sur plaintiff's application for annulment of the marriage between the parties on the ground that a marriage between plaintiff and her first husband still existed and had never been dissolved. On April 21, 1948, plaintiff filed a bill in equity for partition under the Act of May 10, 1927, P. L. 884, 68 PS §501 et seq., which provides for the partition of property after a divorce a vinculo matrimonii as to property acquired as tenants by the entireties. Judgment having been entered pro confesso and a trustee in partition having been appointed, a question of jurisdiction arose. In consequence thereof, plaintiff has filed her petition for a rule on defendant "to show cause why your petitioner should not be granted leave to file an amended bill under the Act of July 7, 1885, P. L. 257, as amended, . . ."

When property is held in the names of husband and wife, the presumption is that they hold it by the entireties and not as joint tenants or tenants in common. However, an estate by the entireties is a form of coöwnership peculiar to the unity of a husband and wife as one person and possesses the four unities of joint tenancies, interest, title, time, and possession. Such title retains the incidents which pertain to it

at its inception, and a divorce, of itself, does not destroy them. In the instant case, the parties were not lawfully husband and wife at the time of taking title. Consequently, that marital status which is peculiar to a tenancy by the entireties was not present. Under the circumstances, the parties took title either as joint tenants or tenants in common, as is appropriate under the circumstances: Thornton et al. v. Pierce, 328 Pa. 11, 16 (1937); Maxwell et al. v. Saylor, 359 Pa. 94, 96 (1948).

It, therefore, being clear that plaintiff is not entitled to relief under the Act of 1927, supra, the rule prayed for is granted, returnable 10 days from the date hereof. All proceedings to stay meanwhile.