Bove, Appellant, *v.* Bove.

Argued January 8, 1959. Before JONES, C. J., MUS-MANNO, JONES, COHEN and MCBRIDE, JJ.

*Robert S. Shaw,* for appellant.

*Lawrence E. MacElree,* with him *John O. Platt, Jr.,* and *MacElree, Platt & Marrone,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, March 16, 1959:

The plaintiff, John Michael Bove, executor of the will of Michael Bove, deceased, instituted this action

in ejectment against Mabel Blanche Bove to recover the title and right to possession of an undivided one-half interest in two certain tracts of real estate situated in the Borough of West Grove, Chester County. The defendant filed a preliminary objection, in the nature of a demurrer, alleging that the complaint failed to set forth a good cause of action and requesting that judgment be entered in favor of the defendant. After argument on the pleadings the court sustained the objection and, recognizing that the complaint was not capable of amendment sufficient to alter the legal effect of the indisputable facts, entered the judgment for defendant from which plaintiff has appealed.

The material facts as set forth in the complaint and in the abstract of title attached thereto as an exhibit may be summarized as follows:

Michael Bove, the decedent, took title individually to the first of the two tracts in question by deed dated August 21, 1925.

Sometime prior to January 22, 1926, Michael and Mabel Blanche Bove, the defendant, began living together as man and wife. During this relationship, which continued until Michael's death in 1957, Mabel bore him two sons. However, they were never legally married and, from the inception of their intimate relationship, Mabel was the lawful wife of one Frank B. Bender until the entry of a decree of divorce in her favor from Bender on October 20, 1948.

By deed of February 26, 1930, Michael, joined by the defendant as Blanche Mabel Bove, granted and conveyed the above mentioned tract for a nominal consideration to a straw man who, by his deed of the same date and for like nominal consideration granted and conveyed the property to Michael Bove and Blanche Mabel Bove [sic], the defendant. The deed described Mabel as Michael's wife and purported to create in the

two of them an estate "as tenants by the entireties" in the property conveyed.

Title to the second of the two tracts here involved was acquired by Michael Bove and Blanche Mabel Bove on January 22, 1926: The deed for this property likewise described Mabel as Michael's wife and also purported to create in them an estate in the subject property "as tenants by the entireties".

It appears to be a fact, at least no one disputes, that both tracts of land were purchased with funds supplied entirely by Michael Bove and that Mabel contributed no part of the purchase price for either of the properties. Although that fact is wholly irrelevant to the legal question involved, as we shall hereinafter see, we mention it at this time in order to point out that, except for the fact that the purchase money for the properties came from the non-survivor of the two joint tenants, this case cannot be distinguished on its facts from *Maxwell v. Saylor*, 359 Pa. 94, 96, 97, 58 A. 2d 355.

In *Maxwell v. Saylor*, after noting that Maxwell and Emma Saylor, the unmarried grantees of a joint tenancy, could not take title as tenants by the entireties, even though she was designated in the deed as Emma Maxwell, "his wife", we then recognized the following applicable decision: ". . . it was held in Thornton v. Pierce, 328 Pa. 11, 194 A. 897, that although a deed under such circumstances is ineffective to create a tenancy by the entireties it is not wholly invalid, there being no reason why the grantees, like any other two persons, cannot take title in some form of dual ownership 'appropriate under the circumstances'.

"The question here is: What is such appropriate form of tenancy? This depends entirely upon the intention of the parties, which is the ultimate guide by

which all deeds must be interpreted: Hindman v. Farren, 353 Pa. 33, 44 A. 2d 241. Their *declared* intention was to own the property as tenants by the entireties, which is an estate 'per tout et non per my'. This was equivalent to stating in so many words that they desired to establish a right of survivorship: Michael v. Lucas, 152 Md. 512, 137 A. 287.; Mitchell v. Frederick, 166 Md. 42, 170 A. 733. Therefore joint tenancy with the right of survivorship,—an estate 'per my et per tout'—best effectuates their intention to the extent legally permissible, that being the form of tenancy for unmarried persons most nearly resembling the tenancy by the entireties enjoyed by husband and wife, since in both instances the survivor takes the whole."

While our decision in *Maxwell v. Saylor* was by a court divided four to three, in an opinion for a unanimous court subsequently, the holding in the *Maxwell* case was approvingly declared to be a "basic rule" in the law of this State: See *Teacher v. Kijurina,* 365 Pa. 480, 487, 76 A. 2d 197.

In addition to confirming the rationale of our decision in *Maxwell v. Saylor,* the opinion in *Teacher v. Kijurina* also made it abundantly plain that which one of two unmarried joint tenants, living together as man and wife, supplied or largely contributed the purchase price for their jointly held property, has no probative value whatsoever in determining whether or not the deed for the property evidences an intention on the part of the grantees to create a joint tenancy in themselves with right of survivorship. Thus, in *Teacher v. Kijurina,* where the lower court had given evidentiary effect to the fact that the survivor had paid the purchase price for the property, we said that "In fairness to the learned court below, it should be said that in our recent case of Maxwell v. Saylor, 359 Pa. 94, 58 A. 2d 355, the majority opinion does in the last para-

graph mention the fact (although there was apparently no finding on the matter below) that the decision arrived at was especially just and proper since every dollar invested was that of the survivor. However, this was said after the decision was made on the basis of the language of the deed and uttered merely to show the ruling made accorded with the morals in that particular case."

Judgment affirmed.