**Lopez v. Lopez**

*Pershing N. Calabro,* for plaintiff.
*James D. Moran,* for defendant.

GELFAND, *J.,* February 17, 1984—The matters before this court are the exceptions filed by Eloy Lopez, plaintiff, and Frances Lopez, defendant, to the report of the master in partition.

On January 10, 1979, this court entered an order which directed that premises 5407 Saul Street, Philadelphia, be partitioned; and, which determined that the parties herein are co-tenants, each with a one-half interest therein.

Thereafter, on December 7, 1979, this court entered an order appointing I. I. Jamison, Esq. as master to hear evidence and file a report with respect to the claims and credits of the parties.

Thereupon, pursuant to the said order, the master conducted hearings on January 9, April 8, and May 6, 1980, after which he filed a report to which both parties have filed exceptions.

We have carefully reviewed the report of the master together with the entire record of these proceedings and have concluded that certain errors of law were committed by the master.

Among other things, the record indicates that on November 29, 1962, although not married to each other, plaintiff and defendant took title to the subject premises as husband and wife and as "tenants by entireties." Further, it indicates that, thereupon, they lived together until December, 1971 when plaintiff withdrew from the premises, thereby leaving defendant in exclusive possession of the property thereafter.

Pertaining to the nature of title acquired in such a relationship, our Supreme Court has held that parties who take title to real estate in such fashion are deemed to be joint tenants with the right of survivorship. See Maxwell v. Saylor, 359 Pa. 94, 58 A.2d (1948), Estate of Whitman, 466 Pa. 353 A.2d 355, 386 (1976), Teachers v. Kijurina, 365 Pa. 480 at pp. 488-89 (1950).

In connection with this, "although joint tenants have a unity of ownership of the whole estate, yet as between or among themselves, each has an undivided moiety. Consequently, they share in rents and profits, and each is liable to the other for waste and for contributions for payment of taxes, encumbrances, etc." See Ladner, Conveyancing in Pennsylvania 3rd Ed., §1:12, p. 13.

In light of the above indicated law, although each of the parties hereto had an undivided moiety in the premises involved here from the date they took title, it is our view that the facts here indicate that the respective rights and obligations of the parties as between themselves, as such relate to the property involved herein, shall be determined from that point in time when one party had exclusive possession of same and the other party had removed therefrom. Hence, we do so find.

In the instant case, the master found that the date for computation of the respective claims of the par-

ties as between each other was the date of the filing of the herein action, i.e. October 6, 1978.

As a consequence of our view as expressed hereinbefore, we disagree with such finding and do direct that the date for such computation shall be January 1, 1972.*

Further, the master found that the defendant was entitled to reimbursement of one-half of certain expenditures made by her during the period of her exclusive possession, and which were not capital improvements to the premises.

We disagree with such finding; and, do hold that the defendant should be reimbursed only for expenditures which are capital improvements. Hence, we direct that defendant only be reimbursed for one-half of sums expended for the roof, since such is a capital improvement to the premises.

Accordingly, we have on this February 17, 1984, issued the order which is fully set forth and attached hereto.

## ORDER

And now, this February 17, 1984, upon consideration of the exceptions filed by Eloy Lopez, plaintiff and Frances Lopez, defendant, to the report of the master in partition, it is hereby

Ordered and decreed as follows:

(1) The exceptions of plaintiff and defendant are denied except as incorporated in this order and set

---

* The master found that the parties separated on some date in December, 1971; and, our examination of the record does not disclose a more specific date.

Hence, in order to facilitate any accounting, this court holds that January 1, 1972 shall be the date from which the respective rights and obligations of the parties is to be determined.

forth in the memorandum opinion attached hereto.

(2) The premises 5407 Saul Street, Philadelphia, is not capable of division into purparts which are proportionate in value to the interest of the parties;

(3) The respective rights and obligations of the parties as between themselves, as such relate to the premises involved herein, shall be determined from January 1, 1972.

(4) This matter is remanded to the master for the following reasons:

(a) to receive additional evidence, if necessary, regarding income and expenditures pertaining to the premises, and to report back to this court his recommendations as to the division of the proceeds of partition in accordance with the attached memorandum opinion and this order;

(b) to determine whether the parties can agree upon a plan of partition or sale; and, if such cannot be accomplished, to expose the subject premises either to private sale confined to the parties or to public sale, based upon his sole determination as to which may yield a better price.

(4) The master shall be paid the sum of $1,000 forthwith which shall be borne in equal portions by the parties hereto; and, said sum shall be credited against the full commission which shall be due to the master upon completion of the partition.